Opinion Issued March 27, 2003


 










In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00499-CR
____________

ROY GOODMAN, III, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 337th District Court 
Harris County, Texas
Trial Court Cause No. 760635





MEMORANDUM OPINION
          Appellant, Roy Goodman, III, appeals an order revoking his community
supervision for the felony offense of injury to a child. See Tex. Pen. Code Ann. §
22.04 (Vernon 2003). The trial court assessed punishment at four years in prison and
a $400 fine. In two points of error, we determine (1) whether the evidence was
legally insufficient to support the trial court’s order due to a fatal variance between
the motion to revoke community supervision and the evidence presented at the
hearing and (2) whether the trial court reversibly erred by admitting into evidence the
complainant’s written statement to the police under Texas Rule of Evidence 803(5)
(recorded recollection). See Tex. R. Evid. 803(5). We affirm.
Legal Sufficiency 
          In his first point of error, appellant contends that the evidence was legally
insufficient to support the trial court’s order revoking community supervision because
there was a fatal variance between the motion to revoke and the evidence presented
at the hearing. Appellant argues that a rational trier of fact could not have found by
a preponderance of the evidence that appellant had committed assault on a household
member by pushing his wife, the complainant, as alleged in the motion.


 
           We review a trial court’s order revoking community supervision for abuse of
discretion. Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). The trial
court abuses its discretion only by revoking community supervision when the State
fails to show by a preponderance of the evidence that the defendant violated a
condition of his community supervision as alleged. Id. at 493-94; Scamardo v. State,
517 S.W.2d 293, 298 (Tex. Crim. App. 1975). Proof of a single ground for
revocation is sufficient to support revocation. Sanchez v. State, 603 S.W.2d 869, 871
(Tex. Crim. App. 1980). We review the evidence in the light most favorable to the
trial court’s order. Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). 
 
          The motion to revoke community supervision stated:
The State would further show that the said Defendant did then and there
violate terms and conditions of Community Supervision by: Committing
an offense against the State of Texas, to wit; on or about August 29,
2001, in Harris County, Texas, the Defendant did then and there,
unlawfully, intentionally and knowingly cause bodily injury to
DEMETRICA GOODMAN, a member of the Defendant’s
HOUSEHOLD, and hereafter styled Complainant by PUSHING THE
COMPLAINANT WITH THE DEFENDANT’S HANDS.
 
At the hearing, the complainant testified on direct examination that appellant grabbed
her by the hair with both hands, pushed her head down, pulled her hair out, and
pushed her against the wall. The complainant testified that her back was to the wall. 
The complainant also testified that she did not believe that it was her own body force
that threw her against the wall. However, on cross-examination, the complainant
testified that her memory was faulty and that, because the altercation happened so
fast, she was not really sure whether appellant pushed her or whether she hit the wall
as a result of the force caused by her pushing away from appellant. On redirect
examination, the complainant reaffirmed that she could not fully remember how she
ended up hitting the wall. 
          Viewing the evidence in the light most favorable to the trial court’s order, we
hold that the evidence was sufficient for the trial court to have found by a
preponderance of the evidence that appellant assaulted the complainant by pushing
her with his hand. The fact that the complainant claimed a memory loss on cross-examination and redirect examination merely presented the trial court with a possible
conflict to be resolved. As the fact-finder, the trial court was entitled to resolve the
factual conflict as it did. See Cain v. State, 958 S.W.2d 404, 408-09 (Tex. Crim. App.
1997) (holding that weight given to contradictory testimonial evidence is within sole
province of fact-finder because it turns on evaluation of credibility and demeanor). 
The trial court, therefore, did not abuse its discretion by revoking appellant’s
community supervision.
           We overrule appellant’s first point of error.
Admission of Written Statement
          In his second point of error, appellant contends that the trial court erred by
admitting into evidence the complainant’s written statement to the police under Texas
Rule of Evidence 803(5). See Tex. R. Evid. 803(5). The statement asserted, among
other things, that appellant pushed the complainant. Appellant argues that this
statement was inadmissible hearsay because the complainant had a sufficient
recollection of the relevant events to which she testified at the hearing.
          Even if it was error for the trial court to admit the complainant’s statement, to
constitute reversible error, we must determine whether the harm, if any, from the
admission of this evidence affected appellant’s substantial rights. See Tex. R. App.
P. 44.2(b). An error affects an appellant’s substantial rights if the error had a
substantial and injurious effect or influence in determining the verdict. King v. State,
953 S.W.2d 266, 271 (Tex. Crim. App. 1997). 
          We have already determined that the evidence was legally sufficient to show
that appellant assaulted the complainant without considering the complainant’s
written statement. Her written statement was merely cumulative of her testimony on
direct examination. Because the complainant’s testimony on direct examination was
a clear statement of what happened, it was unnecessary for the trial court to resort to
corroboration from the complainant’s written statement. Accordingly, we find that
appellant’s substantial rights were not affected by the admission of this evidence. See
id.
          We overrule appellant’s second point of error. 
 
 
 
 Conclusion
          We affirm the trial court’s judgment.



     Tim Taft
     Justice

Panel consists of Justices Taft, Keyes, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).