**Tommy Ray KING, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–04–127 CR.**

Court of Appeals of Texas,
Beaumont.

Submitted Jan. 26, 2005.

Decided Feb. 2, 2005.

Tommy Ray King, Midway, pro se.

Karen Zellars, Spring, for appellant.

John S. Holleman, Criminal Dist. Atty., William Lee Hon, Asst. Criminal Dist. Atty., Livingston, for state.

Before McKEITHEN, C.J., GAULTNEY and KREGER, JJ.

**MEMORANDUM OPINION** [1]

STEVE McKEITHEN, Chief Justice.

Tommy Ray King pleaded guilty to the felony offense of burglary of a habitation with intent to commit theft. Tex. Pen. Code Ann. § 30.02 (Vernon 2003). The trial court convicted and sentenced King to six years of confinement in the Texas Department of Criminal Justice, Correctional Institutions Division, then suspended imposition of the sentence and placed King on community supervision for six years, beginning April 4, 2003. In January 2004, the State filed a motion to revoke community supervision. King pleaded "not true" to allegations that he violated the terms of the community supervision order. The trial court found that King violated the terms of the community supervision order, entered a revocation order and imposed a sentence of five years of confinement.

Appellate counsel filed a brief that concludes no arguable error is presented in this appeal. See *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *High v. State*, 573 S.W.2d 807 (Tex.Crim.App.1978). On July 8, 2004, King was given an extension of time in which to file a pro se brief.

The appellant did not file a formal brief, but did present some argument in correspondence to the Court. According to King, he was in need of medication at the time of the hearing. The appellant also claims that he had performed some of the community service and had made some payments, but that he could not "keep up with the papers and receipts" because he was not in a "right state of mind." The record bears no indication of mental confusion or other impairment, and no issue of competence was raised in the trial court.

---

1. Tex.R.App. P. 47.4.

Because there is no evidence in the record on which to base a claim that the appellant could not understand the proceedings or assist in his defense, the issue is not an arguable one.

 In a revocation proceeding, the State must establish by a preponderance of the evidence that the defendant violated the conditions of the supervision order. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App.1984). If the State meets its burden of proof, it is within the trial court's discretion to revoke community supervision. Id. On appeal, the question presented is whether the trial court abused its discretion in revoking the appellant's community supervision. *Jackson v. State*, 645 S.W.2d 303, 305 (Tex.Crim.App. 1983). In this case, the State alleged King committed theft while on community supervision. Deputy Glen Edwards and a teacher for the Livingston School District both testified that on October 8, 2003, King pawned property that had been stolen from the Adult Learning Center while King was on campus. King's probation officer testified that the appellant failed to report for the months of October and December 2003, failed to obtain employment, and failed to pay court-ordered fees. Although he did some work at the courthouse, the appellant completed only 29 of the 240 hours of community service ordered by the trial court to be completed at the rate of at least 8 hours per month. The greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of community supervision; therefore, the trial court acted within its discretion.

We have reviewed the clerk's record and the reporter's record, and find no arguable error requiring us to order appointment of new counsel. Compare *Stafford v. State*,

813 S.W.2d 503, 511 (Tex.Crim.App.1991). The judgment is affirmed.

AFFIRMED.