BRIAN A. WOODS v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

                                    
NOS. 2-04-171-CR

2-04-172-CR

2-04-173-CR

BRIAN A. WOODS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Brian A. Woods appeals the revocation of his probation in cause numbers 0793013, 0842364, and 082487 in the 396th District Court of Tarrant County, Texas.  
Appellant was placed on felony probation
(footnote: 2) for ten years in each of three separate cases in which he was charged with incidents of assault causing bodily injury to a family member.  Each case alleged a prior conviction for assault with bodily injury against a family member.  The State filed motions to revoke Appellant’s probation in all three cases, and after a combined hearing the trial court found that Appellant violated the terms and conditions of probation and ordered the probation revoked in each case.  The trial court sentenced Appellant to ten years’ confinement in each case and he appeals.
(footnote: 3)
ANDERS
 BRIEF

Appellant’s counsel has filed a motion to withdraw as counsel.  The brief supporting the motion states counsel’s opinion that the three appeals of the revocation of probation orders are frivolous as that term has been described in 
Anders v. California,
 386 U.S. 738, 87 S. Ct. 1396 (1967).  We agree and will affirm the trial court’s judgments in all three cases.

Counsel’s brief and motion meet the requirements of 
Anders 
by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal.  
See Mays v. State, 
904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).  Both the brief that counsel filed in support of his motion to withdraw and notification from this court have provided Appellant the opportunity to file a pro se brief, but he has not done so.  Our duties as a reviewing court require us to conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous.  
See Stafford v. State, 
813 S.W.2d 503, 511 (Tex. Crim. App. 1991); 
Mays,
 904 S.W.2d at 923.  Only then may we grant counsel’s motion to withdraw.  
See Penson v. Ohio
, 488 U.S. 75, 83-84, 109 S. Ct. 346, 351 (1988).

BACKGROUND

Cause Number 0793013D

On January 31, 2002, Appellant pled guilty to assault causing bodily injury to a family member, prior conviction.  The offense was alleged to have occurred on June 12, 2000.  Pursuant to a plea bargain agreement, Appellant’s guilt was not adjudicated and he was placed on deferred adjudication probation for five years.  On September 6, 2002, Appellant pled true to the allegations in the State’s petition to proceed to adjudication.  The trial court adjudicated Appellant’s guilt and assessed punishment at ten years’ confinement.  On January 31, 2003, the trial court suspended further execution of Appellant’s sentence and he was given “shock probation.”
(footnote: 4)  The term of his probation was ten years.  On April 5, 2004, the trial court revoked Appellant’s probation and sentenced him to ten years’ confinement.

Cause Number 0842364D

On September 6, 2002, Appellant pled guilty to assault causing bodily injury to a family member, prior conviction.  The offense was alleged to have occurred on March 30, 2002.  Pursuant to a plea bargain agreement, the trial court sentenced Appellant to ten years’ confinement.  On January 31, 2003, the trial court suspended further execution of Appellant’s sentence and he was given “shock probation.”  The term of his probation was ten years.  On April 5, 2004, the trial court revoked Appellant’s probation and sentenced him to ten years’ confinement.

Cause Number 0842487D

On September 6, 2002, Appellant pled guilty to assault causing bodily injury to a family member, prior conviction.  The offense was alleged to have occurred on April 18, 2002.  Pursuant to a plea bargain agreement, the trial court sentenced Appellant to ten years’ confinement.  On January 31, 2003, the trial court suspended further execution of Appellant’s sentence and he was given “shock probation.”  The term of his probation was ten years.  On April 5, 2004, the trial court revoked Appellant’s probation and sentenced him to ten years’ confinement.

Probation Revocation Hearing

The trial court held a combined hearing on the State’s first amended petitions to revoke Appellant’s probation in all three cases.  Appellant entered pleas of not true to all allegations in the State’s first amended petitions to revoke his probation, and the trial court held a hearing that lasted two days.  In each case, the trial court found nine of the alleged probation violations to be true and entered an order revoking Appellant’s probation and sentencing him to confinement of ten years; the sentences were ordered to be served concurrently.

The trial judge specifically found that Appellant violated the terms and condition of probation by:  committing a new offense of aggravated assault with a knife; committing two separate offenses of assault causing bodily injury to a family member; failing to report to the probation offices of Hood and Tarrant Counties; failing to notify probation officials of his address change; and failing to pay certain court-ordered fees.

STANDARD OF REVIEW

We review an order revoking probation under an abuse of discretion standard.  
Cardona v. State,
 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); 
Jackson v. State
, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983).  In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of probation.  
Cobb v. State
, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).  The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court’s ruling.  
Cardona, 
665 S.W.2d at 493.  If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking the probation.  
Id.
 at 493-94.

DISCUSSION

The trial court had jurisdiction over these cases. 
 See
 
Tex. Code Crim. Proc. Ann.
 arts. 4.05, 42.12, §10(a) (Vernon 2005 & Supp. 2004-05).  Our review of the underlying indictments shows them not to be defective and each indictment sets forth in legally sufficient language an offense against the laws of the state of Texas.  
See
 
Tex. Penal Code Ann.
 § 22.01(a)(1), (b)(2) (Vernon Supp. 2004-05 ).  The enhancement allegations are adequately contained in the indictments and the indictments properly confer jurisdiction on the trial court.  The petitions to revoke Appellant’s probation provided Appellant with sufficient notice.  
See
 
Tex. Const
. art. V, § 12;
 Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).  
Appellant was represented by counsel at the hearings concerning his original pleas of guilty to the charges in each indictment and at the combined hearing involving revocation of his probation.  None of the objections raised by counsel at the revocation hearing and ruled on by the trial court present error that would be reversible on appeal.  Our review of the evidence of the revocation hearing reveals legally sufficient evidence to support the trial court’s findings that Appellant violated the terms and conditions of his probation in the manner recited by the trial court.  There is no evidence in the record indicating that Appellant’s counsel did not provide constitutionally required effective assistance of counsel.  
See Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).  The sentences imposed were within the range provided by law for the underlying offenses,
(footnote: 5) and did not exceed the terms of probation previously ordered.

CONCLUSION

Because our independent review of the record reveals no reversible error, we agree with the determination of Appellant’s counsel that the appeals of these three cases are frivolous.  Accordingly, we grant counsel’s motion to withdraw and we affirm the trial court’s judgments in each case.  

PER CURIAM

PANEL F:  HOLMAN, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 26, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
We will use the term “probation” in this opinion because that is what is used in the majority of the trial court’s documents.  We note that the code of criminal procedure refers to suspension of a defendant’s sentence as “community supervision.”  
See generally
 
Tex. Code Crim. Proc. Ann.
 art. 42.12 (Vernon Supp. 2004-05).  

3:
See
 
Tex. Code Crim. Proc. Ann.
 art. 42.12, §23(b) (Vernon Supp. 2004-05).

4:
See
 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 6 (Vernon Supp. 2004-05).

5:
See
 
Tex. Penal Code Ann.
 § 22.01(b)(2)(assault causing bodily injury is third degree felony if committed against a member of defendant’s family and it is shown that defendant has been previously convicted of an offense against a member of defendant’s family or household); 
id.
 § 12.34 (punishment range for third degree felony is two to ten years, and a fine not to exceed $10,000).