**Robert Jay CARDONA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 658–83.

Court of Criminal Appeals of Texas, En Banc.

March 14, 1984.

Kristine C. Woldy, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Richard Mason and Frank Medina, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty. and Cathleen R. Riedel, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellant was convicted of the felony offense of driving while intoxicated and assessed a $500 fine and three years imprisonment in the Texas Department of Corrections. Imposition of sentence was suspended and appellant was placed on probation. Pursuant to an amendment to the terms and conditions of his probation, appellant was required to "attend [the] Houston Regional Council on Alcoholism until released by the Court." Probation was later revoked for his failure to attend the Council as required.

Appeal from the order revoking probation was taken to the Houston Fourteenth Court of Appeals, where the judgment of the trial court was affirmed. We granted appellant's petition for discretionary review to determine whether the evidence was sufficient to support revocation and whether the condition upon which his probation was revoked sufficiently apprised appellant of how he was to comply with same. We reverse.

Viewed in a light most favorable to the trial court's decision, the evidence shows that appellant testified that he received a copy of the amended term of probation ordering him to attend the Council; that he understood he was to attend, and that he failed to attend. The executive director of the Council testified there was no record of appellant's enrollment or attendance. The probation officer testified that on August 21, 1981, he talked with Mr. Loyd Butler of the Council, and made arrangements for Butler to see appellant on August 29. The probation officer then informed appellant that Butler would contact him to set up the exact time, location, and dates. Butler did not testify at the hearing. Appellant testified that he was never contacted by the Council and did not know when or where he was to attend. Additionally appellant testified that he called the Council office several times, but was told that the Council had no record of his required attendance.

Appellate review of an order revoking probation is limited to abuse of the trial court's discretion. *Caddell v. State*, 605 S.W.2d 275 (Tex.Cr.App.1980). In determining questions regarding sufficiency of the evidence in probation revocation cases, the burden of proof is by a preponderance of the evidence. *Anderson v. State*, 621 S.W.2d 805 (Tex.Cr.App.1981). When the State has failed to meet its burden of proof, the trial judge abuses his discretion in issuing an order to revoke

probation. *Walkovak v. State,* 576 S.W.2d 643 (Tex.Cr.App.1979).

■ The central issue to be determined is whether the appellant was afforded due process as guaranteed by the Fourteenth Amendment to the United States Constitution.

In *Harris v. State,* 608 S.W.2d 229 (Tex. Cr.App.1980), this Court held that the trial court abused its discretion in revoking the defendant's probation on the ground that the defendant failed to "report to the probation officer as required."

In *Harris,* supra, Judge W.C. Davis opined:

"The order to revoke probation for violation of this condition cannot be sustained because this condition is so vague and indefinite that it cannot be enforced; it does not inform the probationer with sufficient certainty of what he is to do. [citations omitted.]" *Harris,* supra, at p. 230.

In *Cotton v. State,* 472 S.W.2d 526 (Tex. Cr.App.1971) it was held that a conviction stemming from an alleged violation of a condition requiring the probationer to "report to the probation officer as directed" was not supported by sufficient evidence. In concluding that the trial court abused its discretion in revoking probation on this ground, we held there was no evidence in the record as to *when* [1] the probationer was to have reported.

*Campbell v. State,* 420 S.W.2d 715 (Tex. Cr.App.1967) involved violation of a probation condition instructing the probationer to report to his probation officer as directed. Presiding Judge Onion, writing for the Court, held that the trial court abused its discretion in revoking probation, as no evidence was offered to show *when* the probationer was *directed* to report. It is significant to note that while there was testimony in *Campbell,* supra, that the probationer had failed to report for a number of months, there was insufficient evidence that he had ever been directed to report monthly, weekly, daily, or otherwise. As Judge Onion explained: "This situation points up the practicality of including specific reporting dates in the written conditions, a copy of which must be delivered to the probationer." *Campbell,* supra, at p. 716.

In *Caddell,* supra, Judge Clinton observed: "It is well settled that, though not the same as a criminal trial, a proceeding to revoke probation portends a possible deprivation of liberty, and as such, the application of appropriate due process of law is constitutionally required [citations omitted.]"

We see no meaningful distinction in the lack of specificity in the terms of probation in the cases cited ante and the condition in the instant case. Further, evidence adduced in the case before us is conspicuously devoid of any notice as to *when,* if ever, appellant was to attend the Houston Council on Alcoholism.

The Court of Appeals cited *Salmons v. State,* 571 S.W.2d 29 (Tex.Cr.App.1978) for the proposition that a trial court did not improperly delegate its authority to specify terms of probation to the Cenikor Foundation by requiring the defendant to attend the clinic and to obtain a monthly report as necessary. The distinguishing factor in *Salmons,* supra, however, is that in *Salmons* the evidence showed that the defendant left the foundation's treatment facility within a week of his arrival, despite the efforts of the staff to convince him to stay. In the instant case, the appellant never attended the Council, not knowing when to go, where to go, or whom to see [2].

---

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

2. Indeed it became obvious, during the motion to revoke hearing, that the probation officer cared little about whether appellant attended the Council. His only expressed interest occurred when appellant was arrested for another offense, some six months later, in February, 1982. During cross-examination, officer Sheley testified thusly:

"Q. You didn't feel it incumbant (sic) upon you to let him know about the period from October—I mean, August of 18th, 1981 until March the 4th of 1982, during your visits with

■ We find that, as Judge Clinton stated in *Caddell,* supra, the appellant was not afforded the "rudiments of due process", in that the evidence failed to show that sufficient notice was given, ergo the appellant could not have been shown to have violated the condition in question by a preponderance of the evidence.

The judgment of the Court of Appeals is reversed.

him? You didn't feel it incumbant (sic) upon him to say, 'Let's go over this, or what are you doing?'

"A. We talked about what he was doing, yes. As far as if he had any questions about probation—

"Q. But, this requirement to attend this alcohol clinic was right in front of you. It was made a part of his file. Wasn't that as important as some of the other parts of his probation?

"A. There were basically no problems up to that point. He was—until he was arrested on the theft.

"Q. You didn't think it was important that he was or was not going to this thing that the Court ordered him to do?

"A. Yes. It was important, but the fact of it was that there seemed to be no problem after the theft—rearrest for theft.

"Q. You mean as far as drinking was concerned?

"A. As far as the terms and conditions of probation, he reported in basically on time and that thing. I didn't have any problem with him up until I heard there were new charges.
" * * *

"Q (by DEFENSE ATTORNEY): From the time that you assumed active control of the case from January 1981 until sometime in December of 1981, then he was, as far as you know, following the probation rules that he was assessed?

"A. As far as I know, yes. There were no problems then at all.

"Q. But, it's your testimony that these sort of things were in your file and you somehow did not discuss it with him on any occasion until after he was arrested?

"A. *As far as the attendance of the alcohol program, no. I did not discuss it until after his new charge.*"