No. 04-97-00303-CR



Joel GAMEZ,


Appellant



v.



STATE of Texas,


Appellee



From the 187th Judicial District Court, Bexar County, Texas


Trial Court No. 93-CR-8378


Honorable Raymond Angelini, Judge Presiding



Opinion by: Sarah B. Duncan, Justice


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: September 16, 1998


AFFIRMED

 Joel Gamez appeals the trial court's judgment revoking his probation. We affirm.

 Gamez pled no contest to indecency with a child by contact and was placed on ten years
probation. As part of the conditions of probation, Gamez was to abstain from using alcoholic
beverages. Alleging Gamez consumed alcoholic beverages, the State filed a motion to revoke
Gamez's probation. At the revocation hearing, Gamez admitted to consuming alcoholic beverages.
The trial court granted the State's motion to revoke Gamez's probation and sentenced Gamez to six
years imprisonment. Gamez now appeals.

 In his sole point of error, Gamez argues the trial court abused its discretion in revoking his
probation because the fact that he consumed alcoholic beverages on one occasion was insufficient
as a matter of law to support a finding that he violated the conditions of his probation. We disagree.

 We review an order revoking probation for abuse of discretion. Cardona v. State, 665 S.W.2d
492, 493 (Tex. Crim. App. 1984). Condition number two of Gomez's probation states he is not to
"use alcoholic beverages." Gamez admitted he violated this condition but, citing Bolieu v. State, 779
S.W.2d 489 (Tex. App.--Austin 1989, no pet.), argues one instance of alcohol consumption is not
sufficient to revoke his probation. However, in Bolieu the issue was whether appellant violated a
term of his probation requiring him to avoid injurious or vicious habits. Bolieu, 779 S.W.2d at 491.
The court held a single test result showing appellant ingested cocaine prior to the test did not
establish a habit. Id. at 492. On the other hand, the State's motion to revoke Gamez's probation was
based on a violation of a condition expressly precluding the consumption of alcohol. Therefore, the
trial court did not abuse its discretion in revoking Gamez's probation. See Flournoy v. State, 589
S.W.2d 705, 708 (Tex. Crim. App. [Panel Op.] 1979).

 The judgment is affirmed.

 Sarah B. Duncan, Justice

DO NOT PUBLISH


Return to
4th Court of Appeals Opinions