NO. 07-04-0330-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 11, 2005

_____

ALONZO B. MOSS, III, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 33,504-E; HONORABLE ABE LOPEZ, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Alonzo B. Moss, III challenges an order of the trial court revoking his community supervision and sentencing him to four years confinement. In a single point of error, Moss contends the court erred in denying his motion to dismiss the State's motion to revoke his community supervision because the State failed to exercise due diligence in executing the capias for his arrest. We affirm.

On October 24, 1994, appellant pled guilty to aggravated theft and received two years deferred adjudication probation. In February 1996, the State reported that appellant had violated the terms of his probation and filed a motion to proceed with adjudication of guilt. Appellant did not contest the violations and the court extended his probation by three years. In August 1998, the State filed a second motion to revoke his probation, citing additional violations and a new theft offense. Appellant was adjudicated guilty on the original theft charge on November 20, 1998, but the sentence was suspended in favor of four years of community supervision. In June 2002, the State discovered that appellant had been detained on felony theft charges in Lubbock County. The State filed a motion to revoke appellant's community supervision on September 17, 2002, based on the new theft charges and appellant's failure to report to his supervision officer. Three days later, on September 20th, the court issued a capias for appellant's arrest.

In December 2002, the Community Supervision Office learned that Lubbock County authorities were not aware of the Potter County capias. The office immediately requested that a teletype of the warrant be sent to Lubbock County. Following the request, they received a confirmation from the Potter County Sheriff's Office stating that the warrant had been served. No further action was taken regarding the capias. Appellant was released by Lubbock County on bond in March 2003. After his release, appellant resided in Lubbock and contacted the Community Supervision Office in Potter County to see if he owed any money. Believing that his community supervision had expired, he did not report the fact that he had been released or his new Lubbock address. The Community Supervision Office did not inform him of the

2

pending capias for his arrest. Appellant resided in Lubbock until October 2003, when he was jailed again on previous charges. On April 15, 2004, the trial court issued a bench warrant requesting that appellant be returned to Potter County. Following his apprehension, appellant filed a motion to dismiss the State's motion to revoke his community supervision claiming that the State had not exercised due diligence in executing the capias warrant. Following a hearing, appellant's motion was denied, and the court assessed the original sentence of four years confinement.

Appellant contends the State did not use due diligence because he was not apprehended until approximately eighteen months after the motion to revoke was filed and approximately sixteen months after the expiration of his community supervision. We disagree. We review the revocation of community supervision under an abuse of discretion standard. Cardona v. State, 665 S.W.2d 492, 493 (Tex.Cr.App. 1984). In determining an abuse of discretion we must look to whether the trial court's decision was arbitrary, unreasonable, and without reference to guiding rules and principles. Montgomery v. State, 810 S.W.2d 372, 380 (Tex.Cr.App. 1990) (quoting Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), cert. denied, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986)).

A trial court may hear a motion to revoke community supervision even after the period of community supervision has expired. Peacock v. State, 77 S.W.3d 285, 287 (Tex.Cr.App. 2002). However, in order for a trial court's jurisdiction to be extended, two acts must occur prior to the expiration of the probationer's community supervision: 1) the State must file a motion to revoke, and 2) a capias must be issued for the probationer's arrest. Id.; Tex. Code

3

Crim. Proc. Ann. art. 42.12, § 21(e) (Vernon Supp. 2004-05). A capias warrant may be issued for any violation at any time during the period of community supervision. Art. 42.12, § 21(b). Once the jurisdictional requirements are met, the State must use due diligence in executing the capias. *Id.* at § 24; *Peacock*, 77 S.W.3d at 287-88. The State's failure to execute the capias with due diligence is an affirmative defense to revocation. Art. 42.12, § 24. *See also* Connolly v. State, 983 S.W.2d 738, 741 (Tex.Cr.App. 1999) (holding that failure to execute the capias with due diligence is a plea in bar for the probationer). As an affirmative defense, the probationer has the burden of raising the issue of due diligence at the revocation hearing. *Peacock*, 77 S.W.3d at 287-88. Once the issue is before the court, the burden shifts to the State to show by a preponderance of the evidence that due diligence was used in executing the capias. *Id.* at 288.

Here, the jurisdiction of the trial court is undisputed as the State's motion to revoke was filed and capias was issued prior to the expiration of appellant's community supervision. The motion to revoke was based on new thefts committed by appellant in Lubbock County in January 2001 and June 2002 and appellant's failure to report to his supervision officer. Due to appellant's failure to abide by the conditions of his community supervision, the court issued a capias for his arrest on September 20, 2002. Appellant maintains the first time he learned of the capias was when he was arraigned in Lubbock on April 13, 2004. Therefore, he claims the State did not use due diligence in executing the warrant. Article 42.12, section 24 of the Texas Code of Criminal Procedure provides that the State's failure to execute a capias with due diligence is a defense "to revocation for an alleged failure to report to a supervision officer

4

as directed or to remain within a specified place . . . ." Applying the rules of statutory construction, we must accord criminal statutes their plain and ordinary meaning. *See* Barrow v. State, 973 S.W.2d 764, 768 (Tex.App.–Amarillo 1998, no pet.). In doing so, we find the due diligence statute makes no mention of probation violations resulting from a probationer's failure to refrain from committing additional crimes against the State. We agree with the State's argument that the due diligence defense as stated in section 24 applies only to appellant's failure to report to his community supervision officer. The law does not require the State to exercise due diligence in executing a capias issued for crimes perpetrated while under community supervision. *See* Nurridin v. State. 154 S.W.3d 920, 924 (Tex.App.–Dallas 2005, no pet.). Because this rule is dispositive of appellant's motion to dismiss, we find it unnecessary to determine whether the State acted with due diligence on appellant's failure to report. Appellant's sole point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.