TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-04-00300-CR




Enrigue Guadalupe Vidal, Appellant

v.

The State of Texas, Appellee





FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
NO. 51589, HONORABLE JOE CARROLL, JUDGE PRESIDING




O P I N I O N
 
In April 2001, appellant Enrigue Guadalupe Vidal pleaded guilty to burglary of a
habitation. See Tex. Pen. Code Ann. § 30.02 (West 2003). On May 30, 2001, the court sentenced
Vidal to three years in prison and a $500 fine, but suspended imposition of sentence and placed him
on community supervision for five years. Vidal now appeals from an order revoking community
supervision and imposing sentence. We will reverse the order because the State failed to prove the
alleged violation of the supervisory conditions. 
Condition five of the conditions of supervision required Vidal to report monthly to
his community supervision officer. It was a matter of record at the time of sentencing that Vidal is
a citizen of Mexico, was living in the United States unlawfully, and was awaiting a deportation
hearing. On July 5, 2001, the court amended the conditions of supervision to add condition thirty-six: “When defendant is released from custody of United States Immigration and Naturalization
Service and if defendant is in the United States, report to the Bell/Lampassas County Community
Supervision and Corrections Department for further orders of the Court.”
The motion to revoke was filed on January 29, 2004. It alleged that Vidal had
violated condition five by failing to report to the community supervision office during the months
of July through December 2001, and during the years 2002 and 2003. Attached to the motion was
a case history stating that following his conviction, “defendant was held in Bell County Jail until
released to the Department of Immigration and Naturalization Service (INS) on July 6, 2001, and
deported to Mexico.” Capias issued and Vidal was arrested in Bell County on February 28, 2004. 
At the revocation hearing, the community supervision officer to whom Vidal was
assigned, Kirk Lampham, testified that Vidal had been deported to Mexico and did not report during
the years 2001, 2002, and 2003. Lampham said he did not know when Vidal returned to the United
States or if Vidal was in the United States at the times alleged in the motion. Vidal did not testify. 
Finding that Vidal had violated condition five, the court revoked supervision.
We review an order revoking community supervision for an abuse of discretion. 
Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). A trial court abuses its discretion
if it revokes community supervision despite the State’s failure to prove a violation of the conditions
of supervision. Id.
Vidal argues that the State did not prove that he was in the United States between July
2001 and December 2003, and thus did not prove that he violated his obligation to report as alleged
in the motion to revoke. The State responds that it was neither alleged nor found that Vidal violated
condition thirty-six requiring him to report upon his release from the custody of immigration officials
and his return to the United States. The State urges that the testimony at the revocation hearing
shows without contradiction that Vidal violated condition five by failing to report monthly from July
2001 through December 2003.
It was impossible for Vidal to report to a Bell County community supervision officer
if he was in the custody of immigration authorities or if he was deported to Mexico. Recognizing
this reality, the district court amended the conditions of supervision on July 5, 2001, one day before
Vidal was taken into federal custody for deportation, to require Vidal to report to the Bell County
community supervision office when and if he was released from INS custody and returned to the
United States. Although the court did not expressly modify the monthly reporting requirement, that
was the clear effect of the amendment. Condition thirty-six had no purpose if it did not relieve Vidal
of his obligation to report monthly in Bell County while he was in federal custody or in Mexico. 
Read together, conditions five and thirty-six required Vidal to report to the Bell County community
supervision office upon his return to the United States, and to thereafter report monthly.
We know that Vidal was in the United States on February 28, 2004, when he was
arrested on the capias. There is no evidence, however, as to when Vidal returned to the United
States. Most importantly, there is no evidence that Vidal was in the United States and outside INS
custody during the time period alleged in the motion to revoke. Without such evidence, the State
did not prove that Vidal’s failure to report to the probation office during the months alleged was a
violation of the conditions of his supervision. We accordingly hold that the district court abused its
discretion by revoking Vidal’s community supervision.
The order revoking community supervision is reversed and the cause is remanded to
the district court for proceedings consistent with this opinion.
 
 
                                                __________________________________________
                                                Bea Ann Smith, Justice
Before Chief Justice Law, Justices B. A. Smith and Puryear
Reversed and Remanded
Filed: June 16, 2005
Publish