COOPER V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-04-575-CR

JAMES COOPER, JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 4 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

The trial court revoked Appellant James Cooper, Jr.’s community supervision and sentenced him to sixty days in jail when Appellant failed to pay court-ordered restitution.  In two issues, Appellant argues that the trial court erred (1) by allowing a State’s witness to testify about restitution records over Appellant’s hearsay objection and (2) by revoking his community supervision because Appellant is indigent and cannot pay court-ordered restitution.  We affirm.

Background

Appellant was convicted of theft by check and placed on community supervision in 1998.  As a condition of community supervision, the trial court ordered Appellant to pay restitution of $4,051 in $200 monthly installments. The State moved to revoke Appellant’s community supervision in 1999, alleging that Appellant had failed to make several of the restitution payments and violated other conditions of community supervision.  The trial court continued Appellant’s community supervision but increased the monthly restitution payment to $264. 

In 2002, the State again moved to revoke Appellant’s community supervision, once again alleging that he had failed to make several restitution payments and violated other conditions.  The trial court held a revocation hearing on January 10, 2005.  Robb Vance, a “hot checks” investigator with the Denton County District Attorney’s Office, testified for the State.  Vance testified that he was the records custodian “with respect to the hot checks division’s recordkeeping on checks, bounced checks, and payment of those checks[.]”  Vance admitted that the records of restitution payments were generated by “one of the clerks,” that he did not have “general charge” of the accounting records, and that the payment records he took to court were generated “from the accounting system.” 

Appellant objected to Vance’s testimony about the payment records as hearsay.  The State responded that the records were admissible under the business records exception to the hearsay rule.  The trial court overruled Appellant’s objection but said that “I do want to see that he is the custodian of the records.” 

Vance then testified that he monitors “the payments that are being made in and out”; payment checks are received by his office and entered into the computer; the physical checks can be used later to check the accuracy of the computer records; and Vance relied on the computer records in the ordinary course of business to make plea offers, to tell offenders how much they owe in fines and restitution, and to tell victims how much has been paid.  On cross-examination, he testified that “the people at the front desk taking the money and making those entries” are not his employees and he is not their supervisor; he does not keep the records in his own office; and “[e]verybody in that division” has access to the records.  Appellant renewed his hearsay objection, and again the trial court overruled it. 

Vance went on to testify that Appellant still owed $3,851 in restitution,  he had made just eight payments since 1998, and the last payment Appellant made was in May 1999.  The State then rested.  Appellant called no witnesses.

The trial court found “true” the allegation that Appellant failed to pay restitution as ordered, revoked Appellant’s community supervision, and sentenced Appellant to sixty days in the county jail.  This appeal followed.

Analysis

I.

In his first issue, Appellant argues that the trial court erred by overruling his hearsay objection to Vance’s testimony about Appellant’s restitution payment records.  We review a trial court’s evidentiary ruling for an abuse of discretion.  
Sauceda v. State
, 129 S.W.3d 116, 120 (Tex. Crim. App. 2004).

Records of a regularly conducted activity or “business records” are not excluded by the hearsay rule:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

. . . .

(6) Records of Regularly Conducted Activity.  A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by affidavit that complies with Rule 902(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. “Business” as used in this paragraph includes any and every kind of regular organized activity whether conducted for profit or not.

Tex. R. Evid.
 803.  Vance’s testimony about the records and the manner of their creation satisfies the requirements of rule 803(6), and nothing in the records or the circumstances of their preparation indicates a lack of trustworthiness.

Appellant argues that the State failed to show that Vance was the custodian of the records and that the records pertained to regularly conducted activity.  We disagree.  Vance expressly testified that he was the custodian of the records.  Even if he did not have actual custodial control of the records, rule 803(6) allows proof by “other qualified witness,” and Vance showed that he was so qualified through his personal knowledge of the manner in which the records were created and maintained.  Finally, even though Vance did not explicitly say that the receipt of restitution money was a “regularly conducted activity,” we infer from his testimony that the District Attorney’s Office regularly receives such money and keeps such records.

We hold that the trial court did not abuse its discretion by overruling Appellant’s hearsay objection and overrule Appellant’s first point.

II.

In his second point, Appellant argues that the trial court erred by revoking his community supervision “solely because of his indigency and inability to pay restitution.”  Appellant contends that revocation of his community supervision because he was unable to pay restitution violated his right to equal protection under the Fourteenth Amendment.  Our review of an order revoking community supervision is limited to abuse of the trial court’s discretion.  
Cardona v. State, 
665 S.W.2d 492, 493 (Tex. Crim. App. 1984).

Inability to pay restitution as ordered is an affirmative defense in a community supervision revocation hearing.  
Tex. Code Crim. Proc. Ann.
 art.
 42.12, § 21(c) (Vernon Supp. 2005); 
Stanfield v. State
, 718 S.W.2d 734, 736-37 (Tex. Crim. App. 1986).  The defendant must prove inability to pay restitution by a preponderance of the evidence.  
Tex. Code Crim. Proc. Ann.
 art.
 42.12, § 21(c).

In this case, Appellant offered no evidence whatsoever at the revocation hearing regarding his inability to pay restitution.  Appellant notes that the trial court had found that Appellant was indigent in February 2004 when he requested court-appointed counsel. Even if we accepted that finding as some evidence for purposes of the revocation hearing that Appellant was indigent in February 2004, it is no evidence of Appellant’s indigence at the time of the hearing or, more significantly, when he failed to make timely restitution payments after May 1999.

Because Appellant failed to prove that he was unable to pay the restitution ordered by the court as a condition of community supervision, we hold that the trial court did not abuse its discretion when it revoked Appellant’s community supervision.  We overrule Appellant’s second issue.

Conclusion

Having overruled both of Appellant’s issues, we affirm the judgment of the trial court.
 

ANNE GARDNER

JUSTICE

PANEL A: HOLMAN, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 9, 2006

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.