COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-04-575-CR

 

 

JAMES COOPER, JR.                                                           APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

         FROM
COUNTY CRIMINAL COURT NO. 4 OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

                                            Introduction








The trial court revoked
Appellant James Cooper, Jr.=s community supervision and sentenced him to sixty days in jail when
Appellant failed to pay court-ordered restitution.  In two issues, Appellant argues that the
trial court erred (1) by allowing a State=s witness to testify about restitution records over Appellant=s hearsay objection and (2) by revoking his community supervision
because Appellant is indigent and cannot pay court-ordered restitution.  We affirm.

                                            Background

Appellant was convicted of
theft by check and placed on community supervision in 1998.  As a condition of community supervision, the
trial court ordered Appellant to pay restitution of $4,051 in $200 monthly
installments. The State moved to revoke Appellant=s community supervision in 1999, alleging that Appellant had failed to
make several of the restitution payments and violated other conditions of
community supervision.  The trial court
continued Appellant=s community
supervision but increased the monthly restitution payment to $264. 








In 2002, the State again
moved to revoke Appellant=s community
supervision, once again alleging that he had failed to make several restitution
payments and violated other conditions. 
The trial court held a revocation hearing on January 10, 2005.  Robb Vance, a Ahot checks@ investigator
with the Denton County District Attorney=s Office, testified for the State. 
Vance testified that he was the records custodian Awith respect to the hot checks division=s recordkeeping on checks, bounced checks, and payment of those
checks[.]@  Vance admitted that the records of
restitution payments were generated by Aone of the clerks,@ that he did not have Ageneral charge@ of the
accounting records, and that the payment records he took to court were generated
Afrom the accounting system.@ 

Appellant objected to Vance=s testimony about the payment records as hearsay.  The State responded that the records were
admissible under the business records exception to the hearsay rule.  The trial court overruled Appellant=s objection but said that AI do want to see that he is the custodian of the records.@ 

Vance then testified that he
monitors Athe payments
that are being made in and out@; payment checks are received by his office and entered into the
computer; the physical checks can be used later to check the accuracy of the
computer records; and Vance relied on the computer records in the ordinary
course of business to make plea offers, to tell offenders how much they owe in
fines and restitution, and to tell victims how much has been paid.  On cross-examination, he testified that Athe people at the front desk taking the money and making those entries@ are not his employees and he is not their supervisor; he does not
keep the records in his own office; and A[e]verybody in that division@ has access to the records. 
Appellant renewed his hearsay objection, and again the trial court
overruled it. 








Vance went on to testify that
Appellant still owed $3,851 in restitution, 
he had made just eight payments since 1998, and the last payment
Appellant made was in May 1999.  The
State then rested.  Appellant called no
witnesses.

The trial court found Atrue@ the allegation
that Appellant failed to pay restitution as ordered, revoked Appellant=s community supervision, and sentenced Appellant to sixty days in the
county jail.  This appeal followed.

                                               Analysis

                                                   I.

In his first issue, Appellant
argues that the trial court erred by overruling his hearsay objection to Vance=s testimony about Appellant=s restitution payment records. 
We review a trial court=s evidentiary ruling for an abuse of discretion.  Sauceda v. State, 129 S.W.3d 116, 120
(Tex. Crim. App. 2004).

Records of a regularly
conducted activity or Abusiness
records@ are not excluded by the hearsay rule:

The
following are not excluded by the hearsay rule, even though the declarant is
available as a witness:

. . . .








(6)
Records of Regularly Conducted Activity. 
A memorandum, report, record, or data compilation, in any form, of acts,
events, conditions, opinions, or diagnoses, made at or near the time by, or
from information transmitted by, a person with knowledge, if kept in the course
of a regularly conducted business activity, and if it was the regular practice
of that business activity to make the memorandum, report, record, or data
compilation, all as shown by the testimony of the custodian or other qualified
witness, or by affidavit that complies with Rule 902(10), unless the source of
information or the method or circumstances of preparation indicate lack of
trustworthiness. ABusiness@ as
used in this paragraph includes any and every kind of regular organized
activity whether conducted for profit or not.

 

Tex. R. Evid. 803.  Vance=s testimony about the records and the manner of their creation
satisfies the requirements of rule 803(6), and nothing in the records or the
circumstances of their preparation indicates a lack of trustworthiness.

Appellant argues that the
State failed to show that Vance was the custodian of the records and that the
records pertained to regularly conducted activity.  We disagree. 
Vance expressly testified that he was the custodian of the records.  Even if he did not have actual custodial
control of the records, rule 803(6) allows proof by Aother qualified witness,@ and Vance showed that he was so qualified through his personal
knowledge of the manner in which the records were created and maintained.  Finally, even though Vance did not explicitly
say that the receipt of restitution money was a Aregularly conducted activity,@ we infer from his testimony that the District Attorney=s Office regularly receives such money and keeps such records.

We hold that the trial court
did not abuse its discretion by overruling Appellant=s hearsay objection and overrule Appellant=s first point.

 

 








                                                   II.

In his second point,
Appellant argues that the trial court erred by revoking his community
supervision Asolely
because of his indigency and inability to pay restitution.@  Appellant contends that revocation
of his community supervision because he was unable to pay restitution violated
his right to equal protection under the Fourteenth Amendment.  Our review of an order revoking community
supervision is limited to abuse of the trial court=s discretion.  Cardona v.
State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984).

Inability to pay restitution
as ordered is an affirmative defense in a community supervision revocation
hearing.  Tex. Code Crim. Proc. Ann. art. 42.12, ' 21(c) (Vernon Supp. 2005); Stanfield v. State, 718 S.W.2d 734,
736-37 (Tex. Crim. App. 1986).  The
defendant must prove inability to pay restitution by a preponderance of the
evidence.  Tex. Code Crim. Proc. Ann. art. 42.12, ' 21(c).








In this case, Appellant
offered no evidence whatsoever at the revocation hearing regarding his
inability to pay restitution.  Appellant
notes that the trial court had found that Appellant was indigent in February
2004 when he requested court-appointed counsel. Even if we accepted that
finding as some evidence for purposes of the revocation hearing that Appellant
was indigent in February 2004, it is no evidence of Appellant=s indigence at the time of the hearing or, more significantly, when he
failed to make timely restitution payments after May 1999.

Because Appellant failed to
prove that he was unable to pay the restitution ordered by the court as a condition
of community supervision, we hold that the trial court did not abuse its
discretion when it revoked Appellant=s community supervision.  We
overrule Appellant=s second issue.

                                             Conclusion

Having overruled both of
Appellant=s issues, we
affirm the judgment of the trial court.   

 

 

ANNE GARDNER

JUSTICE

 

PANEL A:   HOLMAN, GARDNER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  March 9, 2006











[1]See Tex. R. App. P. 47.4.