NUMBER 13-06-194-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


KEVIN DOYLE WALLACE, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 36th District Court 

of San Patricio County, Texas

 


MEMORANDUM OPINION


Before Justices Rodriguez, Garza, and Benavides 


Memorandum Opinion by Justice Rodriguez



 This is an appeal from an order of the trial court following a probation revocation
hearing. The trial court found that appellant, Kevin Doyle Wallace, was in possession
of marihuana and drug paraphernalia, in violation of the terms of his probation, and
ordered his probation revoked. In a single point of error, appellant argues that the trial
court abused its discretion in ordering appellant's probation revoked. We affirm.

I. Background

 Appellant was convicted of felony possession of marihuana, see TEX. HEALTH
& SAFETY CODE ANN. § 481.121 (Vernon 2003), sentenced to seven years'
incarceration, and ordered to pay a $1,500 fine. The trial court suspended appellant's
sentence and placed him on probation for a period of seven years. The State later
moved to revoke appellant's probation for violating the terms of his probation. The
trial court found that appellant intentionally and knowingly possessed a usable quantity
of marihuana, see id., and he intentionally and knowingly used, and possessed with
intent to use, drug paraphernalia, see id. at § 481.125, thereby violating the term of
his probation that he abide by all laws of the State. 

II. Revocation of Probation

 Appellant contends that the trial court abused its discretion when it ordered his
probation revoked. We disagree.

A. Standard of Review and Relevant Law

 We review the trial court's revocation order under an abuse of discretion
standard. Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984) (en banc). 
In a hearing to revoke probation, a trial court abuses its discretion in revoking probation
if the State has failed to meet its burden of proof, by the preponderance of the
evidence, for every element of the offense alleged as grounds for revocation. Id. at
493-94; Nanquin v. State, 607 S.W.2d 583, 586-87 (Tex. Crim. App. 1980). 
However, the trial court serves as the sole arbiter of fact in proceedings of this nature,
and an appellate court must view the evidence presented in a light most favorable to
the trial court's order. Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App.
1981).

 In its motion to revoke, the State alleged that appellant unlawfully possessed
marihuana, a controlled substance, and so violated the probation term stipulating that
he must abide by the laws of the State of Texas. We will restrict our analysis to this
allegation alone, since it is sufficient to determine the point of error. See id. at 175
(providing that proof of a single allegation is sufficient to support an order revoking
appellant's probation); see also TEX. R. APP. P. 47.1. The State proves this violation
if it shows that appellant had exercised care, control, and management over the
marihuana, and that he was aware that the substance was, in fact, contraband. 
Hernandez v. State, 538 S.W.3d 127, 129 (Tex. Crim. App. 1976). Furthermore, the
evidence produced must affirmatively link appellant to the marihuana in such a manner,
and to such an extent, that a reasonable inference may arise that appellant knew he
was in possession of it. Id. at 130. Therefore, if such evidence is presented and is
sufficient to prove unlawful possession by a preponderance of the evidence, under a
light most favorable to the verdict, the judgment of the trial court will be affirmed.

B. Analysis

 The record reflects testimony, presented at the revocation hearing, that
appellant admitted to the investigating officer that he had driven to the place of his
arrest in a black Oldsmobile and that he had been driving the vehicle "for quite some
time" before his arrest. There was also testimony from the investigating officer that
he found a small amount of marihuana on the passenger's side floorboard of that
vehicle, which was not only in plain view, but also appeared to be "fairly fresh." The
officer further testified that appellant told him, "The dope wasn't mine, I was just
holding it for Jay. . . ." This clearly offers some evidence that affirmatively links
appellant to the marihuana in a way that gives rise to a reasonable inference that
appellant was aware of the nature and existence of the marihuana and exercised care,
control, and management over it. See id. This evidence also clearly supports a
determination, by the preponderance of the evidence and under the light most
favorable to the verdict, that the marihuana was unlawfully in appellant's possession. 
See generally id. Therefore, the trial court acted within its discretion in revoking
appellant's probation. We overrule appellant's sole point of error.

III. Conclusion

 Accordingly, we affirm the judgment of the trial court. 

 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 14th day of June, 2007.