Opinion filed January 6,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00064-CR

                                                    __________

 

                              EDWARD
LLOYE WELLS, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 35th District Court 

 

                                                            Brown
County, Texas

 

                                                   Trial
Court Cause No. CR20067

 



 

                                            M
E M O R A N D U M    O P I N I O N

            This
is an appeal from a judgment revoking community supervision.  We affirm.

Procedural
Background

In
April 2009, the trial court adjudicated seventeen-year-old Edward Lloye Wells,
upon his plea of guilty, of engaging in the delinquent conduct of the
aggravated sexual assault of his two-year-old cousin.  The trial court entered
an order for determinate sentencing pursuant to Tex. Fam. Code Ann. § 53.045 (Vernon 2008).  The trial court
assessed his punishment at confinement for ten years; however, the imposition
of the sentence was suspended and appellant was placed on community supervision
for ten years.  In June 2009 when he turned eighteen, appellant was transferred
to the adult system where the trial court entered a judgment convicting him,
upon his plea of guilty, of aggravated sexual assault of a child and assessed
punishment at confinement for ten years.  Pursuant to the plea bargain
agreement, the trial court suspended the imposition of the sentence and placed
appellant on community supervision for ten years.  At the December 17, 2009
hearing on the State’s motion to revoke, appellant entered pleas of true to nine
of the State’s allegations.  The State waived its remaining four allegations.  The
trial court found that appellant had violated the terms and conditions of his
community supervision, revoked his community supervision, and imposed the
original sentence of confinement for ten years.

Issue
on Appeal

In
his sole issue on appeal, appellant argues that his pleas of true were not
knowingly and voluntarily entered.  Appellant contends that, when he was
transferred to the adult system under Tex.
Fam. Code Ann. § 54.051 (Vernon 2008), he was told that his sentence
could be assessed at five years (instead of the original ten years in his plea
bargain agreement) if his community supervision was revoked.  Therefore, appellant
argues that his pleas of true were not knowingly and voluntarily entered.

Analysis

            The
judgment of conviction properly states the applicable range of punishment as a
term of five to ninety-nine years or life and an optional fine of up to
$10,000.[1] 
When he entered his pleas of true at the revocation hearing, the trial court
admonished him concerning the effect and the consequences of his pleas of true
and the total range of punishment.  The trial court inquired as to the reasons
behind appellant’s pleas of true and whether he had been promised anything or
threatened in any way.  The trial court also specifically informed appellant
that the maximum sentence he could receive was ten years and that “everything
above 10 years, [he was] not facing.”  Appellant indicated that he understood
and that he was entering his pleas freely and voluntarily.  The trial court
then accepted appellant’s pleas and proceeded to hear the testimony.  

            The
record affirmatively reflects that the trial court properly admonished
appellant and that his pleas of true were knowingly and voluntarily entered. 
The fact that appellant received the maximum years of confinement available under
his original plea bargain agreement does not establish that his pleas were not voluntarily
and knowingly entered.  Appellant has not established that the trial court
abused its discretion.  Rickels v. State, 202 S.W.3d 759, 763 (Tex.
Crim. App. 2006); Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App.
1984).  The issue is overruled.

Holding

            The judgment of the
trial court is affirmed.

 

 

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

January 6, 2011

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









                [1]Tex. Penal Code Ann. § 12.32 (Vernon Supp. 2010).