# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00140-CR

**Mark Carey Alexander, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
### NO. D-1-DC-08-302694, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Mark Carey Alexander pleaded guilty to aggravated assault with a deadly weapon and was placed on deferred adjudication community supervision. *See* Tex. Penal Code Ann. § 22.02(a)(1) (West Supp. 2010). Less than a year later, he was adjudged guilty and sentenced to twenty years in prison. The trial court found that he violated the terms of his supervision by failing to pay certain fees, failing to complete community service and an anger management program, and committing a subsequent offense, aggravated robbery. Appellant contends that the evidence is insufficient to support the court's findings. We conclude that the evidence supports the finding that appellant committed a subsequent offense, and we affirm the judgment of conviction.

The decision to proceed to adjudication of guilt is reviewable in the same manner as a revocation of "ordinary" community supervision, that is, for an abuse of discretion. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 2010); *see Cardona v. State*, 665 S.W.2d 492, 493

(Tex. Crim. App. 1984). An order revoking supervision must be supported by a preponderance of the evidence. *Cardona*, 665 S.W.2d at 493. We consider the evidence presented at the hearing in the light most favorable to the trial court's findings. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). The violation of a single condition of supervision is sufficient to support a revocation. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).

Among the witnesses at the adjudication hearing was Marilla Portillo, the complainant in the alleged robbery. Portillo, a teller at a Wells Fargo Bank office in Austin, testified that on the morning of November 18, 2009, an African American male entered the bank wearing a gray hooded sweatshirt and blue jeans, with a red bandanna covering the lower part of his face.[1] The man approached her and demanded money. He then reached over the counter, seized approximately $1000 in cash, and ran out of the bank. Portillo testified that she did not see a weapon, but she said that the man's actions caused her to fear for her life and safety.

Robert Richards was in the bank parking lot that morning. He testified that he saw a man driving a red Chevrolet pickup truck pull into the lot, enter the bank, and less than a minute later, leave the bank carrying cash and a gun. Richards described the weapon as a chrome "Dirty Harry" revolver. Suspecting that the man was a robber, Richards followed in his car when the suspect drove away in the pickup truck. After several blocks, the truck stopped at an intersection and the suspect got out. As Richards backed away, the man fired a shot. The man returned to the pickup, and Richards continued to follow him. Eventually, the suspect parked the truck, took off the sweatshirt he was wearing, and ran away on foot. Richards called the police.

---

[1] The record shows that appellant is an African American male.

Knowing the direction the robbery suspect was moving, Officer Phillip Kelly drove to a location where he thought the suspect might pass. He soon spotted a man on foot who matched the description of the robber. Kelly detained the man, identified as appellant, and frisked him. The officer felt a large amount of cash in appellant's pants pocket and arrested him. The cash proved to be just over $700.

A red Chevrolet pickup truck was spotted by police officers a few blocks from where appellant was arrested. Cash, a red bandanna, and a chrome revolver could be seen inside the cab. Using keys taken from appellant, officers opened the door of the truck and seized approximately $500 in cash, the bandanna, and the handgun. They also seized a gray hooded sweatshirt lying in the bed of the truck. The revolver, which contained five live rounds and one spent cartridge, was identified by Richards as looking like the weapon he saw in the robber's possession. The cash found on appellant's person and in the truck included ten $20 bills that had been photocopied by the bank for use as "bait money" in the event of a robbery.

Appellant makes several arguments as to why this evidence is not sufficient to support the trial court's finding that he committed the subsequent offense of aggravated robbery. First, he notes that he was not identified at the hearing by Portillo, Richards, or any other witness to the robbery. However, the evidence described above is more than sufficient to circumstantially identify appellant as the robber.

Appellant argues that because Portillo did not see a weapon, the State failed to prove that the robbery was aggravated by the alleged use of a deadly weapon. But even if the State failed to prove an aggravated robbery, a question we do not decide, it proved the lesser included offense

3

of robbery, and this was sufficient to support the decision to adjudicate. *See Jenkins v. State*, 740 S.W.2d 435, 440 (Tex. Crim. App. 1983).

Next, appellant asserts that there is a variance between the motion to adjudicate and the proof. The motion was styled "State of Texas v. Mark Carey Alexander" and bore the correct cause number. In alleging the subsequent offense, however, the motion stated that the aggravated robbery was committed by "Mark Alexander Carey." Appellant did not raise this issue below. Appellant does not explain how this apparent transposition of his names gave rise to a material variance and under the circumstances, we conclude that it did not. *See Gollihar v. State*, 46 S.W.3d 243, 257 (Tex. Crim. App. 2001). An immaterial variance may be disregarded in reviewing the sufficiency of the evidence. *Fuller v. State*, 73 S.W.3d 250, 254 (Tex. Crim. App. 2002).

Finally, appellant contends that some of the evidence pertinent to the robbery should be disregarded because it was unlawfully seized and erroneously admitted at the hearing. Appellant concedes in his brief that "there is case law that runs contrary to his contentions" regarding the seizures, and he does not bring forward a point of error directly challenging the admission of the evidence. In determining the sufficiency of the evidence, we consider all the evidence before the trier of fact. *Garcia v. State*, 919 S.W.2d 370, 378 (Tex. Crim. App. 1994).

The preponderance of the evidence supports the trial court's finding that appellant violated the terms and conditions of his community supervision by committing the subsequent offense of robbery. Point of error six is overruled. Because one violation will support the decision

4

to adjudicate, we do not reach the other five points of error, which challenge the sufficiency of the evidence regarding the other violations.

Finding no abuse of discretion in proceeding to adjudication, we affirm the judgment of conviction.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Affirmed

Filed:   June 1, 2011

Do Not Publish