**Opinion filed January 15, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00021-CR

_____

## MICHAEL JACOB LYNN ALDRIDGE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 29th District Court**

**Palo Pinto County, Texas**

**Trial Court Cause No. 14301**

## M E M O R A N D U M   O P I N I O N

This is an appeal from the revocation of Michael Jacob Lynn Aldridge's deferred adjudication community supervision in a burglary-of-a-building case. We affirm.

The grand jury indicted Appellant for two counts of burglary of a building. Appellant pleaded guilty to both counts. Under the terms of a plea bargain

agreement, the trial court suspended Appellant's two-year sentence on each count and placed him on community supervision for a term of four years. Subsequently, the State filed a motion to revoke Appellant's community supervision and alleged that Appellant violated multiple terms of his conditions of community supervision. After a hearing, the trial court found the State's allegations to be true and revoked Appellant's community supervision. The trial court assessed Appellant's punishment for count one at confinement for a term of twenty-four months in the State Jail Division of the Texas Department of Criminal Justice and a fine in the amount of $2,000, and it ordered restitution in the amount of $3,000. On count two, the trial court assessed Appellant's punishment at confinement for a term of twenty-four months, and it ordered restitution in the amount of $1,023.01.

In five issues, Appellant argues that the trial court abused its discretion when it found each of the State's allegations to be true. We review a trial court's decision to revoke community supervision under an abuse of discretion standard. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). We will uphold a trial court's decision to revoke if any one of the alleged violations of the conditions of community supervision is supported by sufficient evidence. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980). The State has the burden to prove a violation by a preponderance of the evidence. *Cardona*, 665 S.W.2d at 493.

Appellant argues in his third issue that the trial court abused its discretion when it found that he failed to pay for drug testing, court costs, community supervision fees, and a crime-stoppers' fee. Although the State presented evidence that Appellant failed to pay these fees, the State admits on appeal that it did not offer any evidence that Appellant's failure to pay was intentional. The testimony of several of Appellant's witnesses showed that Appellant was unemployed throughout much of his time on community supervision and that, when he did find

work, the little money he made went to pay for food, baby formula, and diapers. Appellant's community supervision officer also testified that, to her knowledge, Appellant was unemployed throughout most of his community supervision. Because the State concedes that it failed to meet its burden of proof on this allegation, we sustain Appellant's third issue.

In his first issue, Appellant argues that the trial court abused its discretion when it found that he committed three new offenses because the State failed to prove that he was the same individual that committed those offenses. The State offered, and the trial court admitted, three certified judgments from Eastland County to show that Appellant committed three new offenses. The judgments show convictions for bail jumping and failure to appear, evading arrest or detention, and furnishing alcohol to a minor. Although the State did not offer any fingerprint comparison evidence or testimony from someone involved in the Eastland County cases to show that Appellant was the same individual, Appellant's father testified that he knew that Appellant got in trouble for providing alcohol to a minor and that he knew that Appellant pleaded guilty to the offense. Appellant's father also testified that the offense occurred the day before Appellant's eighteenth birthday. Our review of the judgment shows that Appellant was convicted of furnishing alcohol to a minor and that the date of the offense was the day before Appellant's eighteenth birthday. Therefore, the State showed by a preponderance of the evidence that Appellant was the same individual that committed the offense of furnishing alcohol to a minor as alleged in the State's motion to revoke. We hold that the trial court did not abuse its discretion when it found that Appellant committed a new offense in violation of the conditions of his community supervision. Appellant's first issue, as it relates to the new offense of furnishing alcohol to a minor, is overruled.

Based on the same evidence, we overrule Appellant's second issue. In that issue, Appellant contends that the trial court abused its discretion when it found that Appellant possessed alcohol on or about November 19, 2010, in violation of his community supervision condition that required him to avoid injurious or vicious habits, including the possession or consumption of alcohol. The trial court did not abuse its discretion when it found that Appellant was in possession of alcohol on the same date that Appellant furnished alcohol to a minor.

In his fourth issue, Appellant asserts that the trial court abused its discretion when it found that he failed to report. Appellant's community supervision officer testified that Appellant was required to report twice a month in person to Eastland County and twice a month by mail to Palo Pinto County. In 2011, Appellant failed to report in person for the months of March through August and October through December and never reported by mail. Appellant also failed to report in person or by mail from January through March of 2012. Appellant's father testified that Appellant did not have transportation for the majority of the time that Appellant was on community supervision and that, because Appellant was without transportation, he was unable to report. Appellant failed to offer any reason as to why he did not report by mail. Therefore, even if we assume that the State failed to meet its burden of proof regarding the allegation that Appellant failed to report in person, there is sufficient evidence to show that Appellant failed to report by mail. The trial court did not abuse its discretion when it found that Appellant failed to report as directed by his community supervision officer. We overrule Appellant's fourth issue.

Because the evidence of Appellant's failure to refrain from committing a new offense, failure to avoid injurious or vicious habits, and failure to report is more than sufficient to support the trial court's decision to revoke community supervision, we need not address Appellant's fifth issue regarding his failure to

perform ten hours of community service per month or the remainder of Appellant's first issue regarding the State's allegation that he committed two other new offenses in addition to furnishing alcohol to a minor. *See* TEX. R. APP. P. 44.1; *Moore*, 605 S.W.2d at 926 (one sufficient ground for revocation will support the trial court's order to revoke community supervision).

We affirm the judgment of the trial court.


JIM R. WRIGHT

CHIEF JUSTICE


January 15, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.