

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00138-CR

**TYRELL MARTAVIS BRUMLEY,**

                                                                              **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                              **Appellee**

### From the 21st District Court
### Burleson County, Texas
### Trial Court No. 14,869

## MEMORANDUM OPINION

Tyrell Brumley entered a plea of guilty to the offense of aggravated assault with a deadly weapon. The trial court deferred an adjudication of guilt and placed Brumley on community supervision for seven years. On September 6, 2017, the State filed a motion to revoke community supervision and adjudicate alleging Brumley violated several of the terms and conditions of his community supervision. The trial court found that Brumley violated conditions 1-A, 1-B, 1-C, 4, 18, 22, 25, and 26 of his community

supervision, adjudicated Brumley guilty of the offense of aggravated assault with a deadly weapon, and assessed punishment at 10 years confinement and a $700 fine. We affirm.

In the sole issue on appeal, Brumley argues that the trial court abused its discretion in revoking his community supervision. The Court of Criminal Appeals has held that the State must prove a violation of community supervision by a preponderance of the evidence and that proof of any one of the alleged violations is sufficient to uphold the trial court's decision to revoke community supervision. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App.1984) (burden of proof is by preponderance of the evidence); *Moore v. State*, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980) ("one sufficient ground for revocation will support the court's order to revoke probation"). We review a trial court's decision to revoke community supervision under an abuse of discretion standard. *Cardona v. State*, 665 S.W.2d at 493.

The State alleged in its motion to revoke community supervision and adjudicate guilt that Brumley violated the conditions of his community supervision requiring him to report to his supervision officer as directed, perform community service, submit to a substance abuse evaluation, submit to anger management classes, and report to MHMR. Brumley's supervision officer testified at the hearing that Brumley became noncompliant with the condition that he report to his supervision officer and that he missed his last three scheduled appointment. The supervision officer further testified that Brumley did

not complete his community service hours, that he did not submit to a substance abuse evaluation, that he did not attend anger management classes and that he missed appointments with MHMR. We find that the trial court did not abuse its discretion in revoking Brumley's community supervision. We overrule the sole issue on appeal.

We affirm the trial court's judgment.


AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed November 7, 2018
Do not publish
[CR25]

