

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00813-CR

Laprentice James **COUNTY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2004CR8131
Honorable Joey Contreras, Judge Presiding

Opinion by:    Sandee Bryan Marion, Chief Justice

Sitting:       Sandee Bryan Marion, Chief Justice
               Patricia O. Alvarez, Justice
               Irene Rios, Justice

Delivered and Filed: July 10, 2019

AFFIRMED

Laprentice James County appeals the trial court's judgment revoking his community supervision and sentencing him to two years' imprisonment. County contends he is entitled to a new trial based on a missing exhibit and the trial court abused its discretion in revoking his community supervision. We affirm the trial court's judgment.

### PROCEDURAL BACKGROUND

Pursuant to a plea bargain agreement, County pled no contest to a charge of possession of a controlled substance, his guilt was deferred, and he was placed on two years' community

supervision. After the State filed a motion to enter an adjudication of guilt and to revoke County's community supervision, the trial court entered a judgment adjudicating County's guilt and sentencing him to two years' imprisonment; however, the sentence was suspended and County was placed on five years' community supervision.

The State subsequently filed a motion and amended motions to revoke County's community supervision. In response, the trial court amended the conditions of County's community supervision.

In 2018, the State filed a motion to revoke County's community supervision alleging numerous violations, including two counts of violating condition number 1 by committing the offense of assault and one count of violating condition number 6c by possessing a firearm. After a hearing on the State's motion, the trial court revoked County's community supervision and sentenced him to two years' imprisonment. County appeals.

## MISSING EXHIBIT

In his first issue, County contends he is entitled to a new trial based on a missing exhibit. *See* TEX. R. APP. P. 34.6(f). After County's brief was filed, however, a supplemental record was filed containing the exhibit. Accordingly, County's first issue is overruled.

## REVOCATION OF COMMUNITY SUPERVISION

In his second issue, County contends the trial court abused its discretion in revoking his community supervision because the evidence is insufficient to establish he violated the conditions of his community supervision.

"In a revocation proceeding, the trial court has discretion to revoke community supervision when a preponderance of the evidence supports one of the State's allegations that the defendant violated a condition of his community supervision." *Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012). The State meets its burden of proof at a revocation proceeding when the greater

weight of the credible evidence creates a reasonable belief that the defendant violated a condition of his community supervision. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013); *Reasor v. State*, 281 S.W.3d 129, 132 (Tex. App.—San Antonio 2008, pet. ref'd). "If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking the community supervision." *Reasor*, 281 S.W.3d at 132 (citing *Cardona v. State*, 665 S.W.2d 492, 493-94 (Tex. Crim. App. 1984)).

As previously noted, the trial court found County violated three conditions, including two counts of violating condition number 1 by committing the offense of assault and one count of violating condition number 6c by possessing a firearm.

Jonathan Pena, a bouncer at a bar, testified he saw County standing by his car with the door open while exchanging words with another male. County appeared to be intoxicated. As the other male turned his back on County and began walking toward the door to the bar, Pena saw County shoot the other male. County then charged toward the other male while still holding the gun. Pena intervened and disarmed and handcuffed County. Pena testified the male who was shot was taken to a hospital, and a second female victim was also shot.

Richard Urdiales, the owner of the bar, identified a surveillance video taken the night of the incident. The video was played for the trial court. The video shows County, who was standing beside a car with the door open, raise a gun and shoot at a male and then charge in the direction he shot while still holding the gun.

Joynea Hockley testified she was standing outside facing the doorway of the bar when she heard a gunshot. After she ran inside the bar, she realized she had been shot. She went to the hospital and was told it would cause more damage to remove the bullet than to leave it in her back, so the bullet is still in her back.

Having reviewed the record as a whole, we hold the greater weight of the credible evidence creates a reasonable belief that County violated the conditions of his community supervision as found by the trial court.  County's second issue is overruled.

## CONCLUSION

The judgment of the trial court is affirmed.

Sandee Bryan Marion, Chief Justice

DO NOT PUBLISH