

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00090-CR

KYLE DANIEL MURRAY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Donley County, Texas
Trial Court No. 4033, Honorable Stuart Messer, Presiding

October 5, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Kyle Daniel Murray appeals from the trial court's judgment adjudicating him guilty of possessing a controlled substance, revoking his community supervision, and sentencing him to ten years imprisonment. He challenges the judgment through six issues. Each involves the sufficiency of the evidence supporting the decision to adjudicate his guilt and revoke his community supervision. Further, each focuses on the argument that the testifying witness lacked personal knowledge of the violations and lacked personal knowledge of the information contained within the "chronos," or

chronological records maintained by the probation department, and that those records were inadmissible due to the failure of the State to prove each element of the predicate for admission of a business record. We affirm.

### Background

In mid-February 2019, appellant was placed on deferred adjudication community supervision for a period of five years. The State filed a motion to revoke same, alleging appellant violated several conditions to remaining on deferred adjudication community supervision. At the hearing, the State offered testimony of Megan Gribble, a probation officer and the deputy director for the 100th Judicial District CSCD. She employed the substance of the "chronos," as well as her own personal knowledge, to establish the violations committed by appellant. Appellant objected to the admission of the "chronos," which objections the trial court overruled. Ultimately, the trial court found the evidence sufficient to support revocation and, therefore, revoked appellant's community supervision, adjudicated him guilty of possessing a controlled substance, and assessed punishment as noted.

### Analysis

In raising his complaints before this court, appellant contends Gribble failed to establish that either she had personal knowledge of the information contained within the entries in the "chronos" or that they were made at or near the time of the event sought to be recorded. As such, he asserts, there was no proper predicate set forth to allow for admission of the "chronos" as a business record. We overrule the issues.

The only question before this court when reviewing an order revoking community supervision is whether the trial court abused its discretion. *Hacker v. State*, 389 S.W.3d

860, 865 (Tex. Crim. App. 2013); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App.1984). In a revocation proceeding, the State is required to prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion to revoke. *Cardona*, 665 S.W.2d at 493. Proof of a single violation is sufficient. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012).

Here, the record shows Gribble was "personally there" when appellant signed his admission to the use of methamphetamine while on probation. In other words, she had personal knowledge of appellant's admission. Thus, her testimony about same was not hearsay. Accordingly, the trial court was free to revoke appellant's community supervision on that ground alone. *Johnson v. State*, No. 07-22-00344-CR, 2023 Tex. App. LEXIS 5128, at *6 (Tex. App.—Amarillo July 7, 2023, no pet.) (mem. op., not designated for publication) (proof of a single violation of the terms and conditions of community supervision is sufficient to support a trial court's decision to revoke probation); *see Walker v. State*, No. 07-21-00074-CR, 2021 Tex. App. LEXIS 9389, at *3 (Tex. App.—Amarillo Nov. 18, 2021, no pet.) (mem. op., not designated for publication) (stating same). Gribble also had personal knowledge of and testified to various other violations encompassed within the motion to revoke and committed by appellant.

Further, we have held that a chronological file compiled by a community supervision officer "may be admissible as a business record, even when the testifying witness does not have personal knowledge of the entries in the file, so long as the person who made the entries did have personal knowledge of the facts therein." *Murray v. State*, No. 07-23-00013-CR, 2023 Tex. App. LEXIS 6480, at *2 (Tex. App.—Amarillo Aug. 23, 2023, no pet. h.) (mem. op., not designated for publication); *see Estrada v. State*, No. 07-

21-00298-CR, 2023 Tex. App. LEXIS 1049, at *6 (Tex. App.—Amarillo Feb. 17, 2023, no pet.) (mem. op., not designated for publication). Gribble testified she was the custodian and representative of the department who made and kept the "chronos." Her testimony also showed that 1) the records were made in the regular course of the department's business; 2) the department's regular practice was to make those records; 3) an employee of the department made them; 4) the records were made at or near the time of the event described therein; 5) she was the actual record keeper; and 6) the reports offered into evidence were exact duplicates of the originals. By expressing this information, Gribble's testimony addressed, and satisfied, the elements to the business record exception to the hearsay rule. *See* TEX. R. EVID. 803(6)(A)-(D) (specifying the elements). Consequently, we cannot say that the trial court erred in admitting the "chronos." Furthermore, the evidence within them sufficed to illustrate, by a preponderance of the evidence, that appellant violated one or more conditions of his community supervision.

Therefore, the trial court's decision to adjudicate guilt and revoke community supervision was supported by more than a preponderance of the evidence. We overrule appellant's issues and affirm the judgment of the trial court.

Brian Quinn
Chief Justice

Do not publish.

4