In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-117 CR


____________________



KIM ALLAN HOLIEVINA, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 87549






 MEMORANDUM OPINION 


 Kim Allan Holievina pled no contest to the third degree felony offense of intoxication
assault. Tex. Pen. Code Ann. § 49.07 (Vernon 2003). The trial court convicted and
sentenced Holievina to ten years of confinement in the Texas Department of Criminal
Justice, Correctional Institutions Division, then suspended imposition of the sentence and
placed Holievina on community supervision for ten years, beginning November 3, 2003. The
State subsequently filed a motion to revoke community supervision. Holievina pled true to
the State's allegation that he failed to pay court-ordered fees and pled untrue to an allegation
that he committed the offense of theft by receiving while on community supervision. The
trial court found both allegations to be true, entered a revocation order and imposed sentence. 

 Appellate counsel filed a brief that concludes no arguable error is presented in this
appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); High
v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). On January 12, 2006, Holievina was given
an extension of time in which to file a pro se brief. Holievina declined to file a pro se brief. 

 In a revocation proceeding, the State must establish by a preponderance of the
evidence that the defendant violated the conditions of the supervision order. Cardona v.
State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). On appeal, the question presented is
whether the trial court abused its discretion in revoking the appellant's community
supervision. Jackson v. State, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983). If the State
meets its burden of proof, it is within the trial court's discretion to revoke community
supervision. See Cardona, 665 S.W.2d at 493-94. A plea of true to any one alleged violation
is sufficient to support a revocation of supervision. Moses v. State, 590 S.W.2d 469, 470
(Tex. Crim. App. 1979). In this case, Holievina pled true to having violated a condition of
the community supervision order. The trial court acted within its discretion.

 We have reviewed the clerk's record and the reporter's record, and find no arguable
error requiring us to order appointment of new counsel. Compare Stafford v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991). The judgment is affirmed.

 AFFIRMED.

 ____________________________

 STEVE McKEITHEN

 Chief Justice



Submitted on April 27, 2006

Opinion Delivered May 10, 2006

Do Not Publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.