COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-06-062-CR

 

CHERRY LEE BERRY                                                             APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. Introduction

Appellant Cherry Lee Berry
appeals the revocation of his probation. 
We affirm.       

II. Background








Pursuant to a plea bargain
agreement, Berry pleaded guilty to the offense of driving while intoxicated and
felony repetition.  The trial court found
Berry guilty and assessed punishment at ten years= confinement, probated for ten years, and a $1,500 fine.

In June 2006, the State filed
a petition to revoke Berry=s probation[2]
and amended its petition in February 2006. 
The State=s amended
petition alleged that Berry had committed five violations of the terms of his
probation, namely, twice testing positive for cocaine, not abstaining from
alcohol, and twice operating a motor vehicle without an ignition interlock device.  At the probation revocation hearing, Berry
pleaded true to all the alleged violations. 
After hearing the evidence, the trial court found the allegations true
and sentenced Berry to seven years= confinement.

III. Anders Brief








Berry=s court-appointed appellate counsel has filed a motion to withdraw as
counsel and a brief in support of that motion. 
In the brief, counsel avers that, in his professional opinion, this
appeal is frivolous.  Counsel=s brief and motion meet the requirements of Anders v. California,
386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of
the record demonstrating why there are no arguable grounds for relief.  See Stafford v. State, 813 S.W.2d 503,
510 n.3 (Tex. Crim. App. 1991).  This
court provided Berry the opportunity to file a pro se brief, but he has not
done so.  Once Berry=s court-appointed counsel files a motion to withdraw on the ground
that the appeal is frivolous and fulfills the requirements of Anders,
this court must review the record to make an independent determination of whether
there is any arguable ground that may be raised on Berry=s behalf.  Stafford, 813
S.W.2d at 511.

IV. Standard of Review 

We review an order revoking
probation under an abuse of discretion standard.  Cardona v. State, 665 S.W.2d 492, 493
(Tex. Crim. App. 1984); Jackson v. State, 645 S.W.2d 303, 305 (Tex.
Crim. App. 1983).  In a revocation
proceeding, the State must prove by a preponderance of the evidence that the
defendant violated the terms and conditions of probation.  Cobb v. State, 851 S.W.2d 871, 873
(Tex. Crim. App. 1993).  The trial court
is the sole judge of the credibility of the witnesses and the weight to be
given their testimony, and we review the evidence in the light most favorable to
the trial court=s
ruling.  Cardona, 665 S.W.2d at
493.  If the State fails to meet its
burden of proof, the trial court abuses its discretion by revoking the
probation.  Id. at 493B94.








V. Application

Here, Berry pleaded true to
the allegations that he had violated the terms and conditions of his
probation.  After reviewing the evidence
in the light most favorable to the trial court=s ruling, we hold that the State proved by a preponderance of the
evidence that Berry violated the terms and conditions of his probation.  Accordingly, we also hold that the trial
court did not abuse its discretion by revoking Berry=s probation.  

VI. Conclusion 

Because our independent
review of the record reveals no reversible error, we agree with the
determination of Berry=s counsel
that the appeal is frivolous. 
Accordingly, we grant counsel=s motion to withdraw and we affirm the trial court=s judgment. 

 

PER CURIAM

 

PANEL F:    MCCOY, J.; CAYCE, C.J.; and WALKER, J.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
February 22, 2007

 











[1]See Tex. R. App. P. 47.4.





[2]We
will use the term Aprobation@ in
this opinion because that is what is used in the majority of the trial court=s
documents.  We note that the code of
criminal procedure refers to suspension of a defendant=s sentence
as Acommunity
supervision.@  See generally Tex. Code Crim. Proc. Ann. art. 42.12 (Vernon 2006).