COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-062-CR

CHERRY LEE BERRY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM
 
OPINION
(footnote: 1)

------------

I. Introduction

Appellant Cherry Lee Berry appeals the revocation of his probation.  We affirm.   

II. Background

Pursuant to a plea bargain agreement, Berry pleaded guilty to the offense of driving while intoxicated and felony repetition.  The trial court found Berry guilty and assessed punishment at ten years’ confinement, probated for ten years, and a $1,500 fine.

In June 2006, the State filed a petition to revoke Berry’s probation
(footnote: 2) and amended its petition in February 2006.  The State’s amended petition alleged that Berry had committed five violations of the terms of his probation, namely, twice testing positive for cocaine, not abstaining from alcohol, and twice operating a motor vehicle without an ignition interlock device.  At the probation revocation hearing, Berry pleaded true to all the alleged violations.  After hearing the evidence, the trial court found the allegations true and sentenced Berry to seven years’ confinement.

III. 
Anders 
Brief

Berry’s
 court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  
See Stafford v. State
, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).  This court provided Berry the opportunity to file a pro se brief, but he has not done so.  Once Berry’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, this court must review the record to make an independent determination of whether there is any arguable ground that may be raised on Berry’s behalf.  
Stafford
, 813 S.W.2d at 511.

IV. Standard of Review 

We review an order revoking probation under an abuse of discretion standard.  
Cardona v. State,
 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); 
Jackson v. State
, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983).  In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of probation.  
Cobb v. State
, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).  The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court’s ruling.  
Cardona, 
665 S.W.2d at 493.  If the State fails to meet its burden of proof, the trial court abuses its discretion by revoking the probation.  
Id.
 at 493–94.

V. Application

Here, Berry pleaded true to the allegations that he had violated the terms and conditions of his probation.  After reviewing the evidence in the light most favorable to the trial court’s ruling, we hold that the State
 proved by a preponderance of the evidence that Berry violated the terms and conditions of his probation
.  Accordingly, we also hold that the trial court did not abuse its discretion by revoking Berry’s probation.  

VI. Conclusion 

Because our independent review of the record reveals no reversible error, we agree with the determination of Berry’s counsel that the appeal is frivolous.  Accordingly, we grant counsel’s motion to withdraw and we affirm the trial court’s judgment. 

PER CURIAM

PANEL F: MCCOY, J.; CAYCE, C.J.; and WALKER, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: February 22, 2007

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
We will use the term “probation” in this opinion because that is what is used in the majority of the trial court’s documents.  We note that the code of criminal procedure refers to suspension of a defendant’s sentence as “community supervision.”  
See generally
 
Tex. Code Crim. Proc. Ann.
 art. 42.12 (Vernon 2006).