

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00538-CR

TREVA LANELL MAY                                      APPELLANT

V.

THE STATE OF TEXAS                                      STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

In a single issue, Appellant Treva Lanell May appeals the judgment revoking her community supervision. We will affirm.

In May 2012, the trial court convicted May of prostitution with three or more prior convictions, sentenced her to two years' confinement, but suspended imposition of the sentence and placed her on five years' community supervision. In August 2012, the State filed a petition to revoke May's community supervision,

---

[1]*See* Tex. R. App. P. 47.4.

alleging that she had violated a condition by refusing to participate in, and being unsuccessfully discharged from, RISE, a program "for women who have been arrested and have felony charges for prostitution." May pleaded not true to the allegation, but after a hearing at which May and mental-health coordinator and RISE program manager Linda Collins testified, the trial court found the allegation true and sentenced May to two years' confinement in a state jail facility.

In one issue, May argues that the evidence is insufficient to show that she violated her community supervision.

We review an order revoking community supervision under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Cardona*, 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981).

Collins testified at the hearing on the motion to revoke that she met with May before May was accepted into RISE and explained to her what would be expected of her while in the program. One of the requirements was that May follow all of the rules and guidelines of the rehabilitation center that she would be

2

sent to. Because May would be attending a rehabilitation center "through" her participation in RISE, Collins said that following the rules of the particular rehabilitation center "would be following our rules, too."

May was sent to a drug-rehabilitation program operated by Volunteers of America (VOA), but she was discharged from that program in July 2012 after her second violation for engaging in behavior that involved screaming at people, including once during class.[2] According to Collins, May's "behavior had become out of control." May was subsequently removed from RISE as a result of her refusal to participate in, and discharge from, the VOA program, which caused her to be ineligible to attend another rehabilitation program through RISE.

May argues that the behavior that ultimately led to her discharge from the rehabilitation program "was possibly caused by her mental illness, not her own voluntary actions." However, to the extent that her mental condition was relevant to whether she was unsuccessfully discharged from RISE, Collins testified that May's offensive behavior was voluntary and that her mental illness—schizoaffective disorder, for which she was taking medication at the time—was not a factor in her discharge from VOA. Instead, Collins attributed May's behavior to a personality disorder, which is controlled by counseling and self-control, not medication.

---

[2]The police had to be called.

May additionally argues that, ultimately, it was the VOA that discharged her and that there was no evidence that she violated any VOA rules, but this ignores Collins's testimony that May was discharged after two VOA violations and that her participation in RISE was contingent upon her compliance with the VOA's rules.

Viewing the evidence in the light most favorable to the trial court's ruling, we hold that the trial court did not abuse its discretion by revoking May's community supervision. We overrule May's only issue and affirm the trial court's judgment.

BILL MEIER
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 13, 2013