

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00199-CR

JEFFERY WAYNE JONES                                                    APPELLANT

V.

THE STATE OF TEXAS                                                            STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Upon his plea of guilty, Appellant Jeffery Wayne Jones was convicted of possession of a controlled substance. The trial court sentenced him to eight years' confinement but suspended imposition of his sentence and placed him on community supervision for four years. The conditions of supervision were amended twice: once for an undisclosed reason and once after the State had filed a motion to revoke, alleging that Appellant had committed a new drug

---

[1]*See* Tex. R. App. P. 47.4.

offense, had failed to pay fees, and had tested positive for a controlled substance.

Subsequently, the State filed a second motion to revoke Appellant's community supervision, alleging that he had committed a new drug possession offense. Testimony reflected that police found a baggie of marihuana six inches from Appellant's knee in a house that he was visiting when police conducted a search of the house pursuant to a warrant. Appellant denied knowing anything about the drugs or weapons that the police found throughout the house. Essentially, the case turned on the trial court's determination of Appellant's credibility and the trial court's interpretation of undisputed facts. The trial court, after hearing evidence and argument, granted the State's motion to revoke Appellant's community supervision and imposed the eight-year sentence.

In one issue, Appellant contends that the trial court abused its discretion by revoking his community supervision and finding sufficient evidence that he had committed a new offense and thus violated the conditions of his community supervision. Because we hold that the trial court did not abuse its discretion, we affirm the trial court's judgment.

We review an order revoking community supervision under an abuse of discretion standard.[2] In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and

---

[2]*Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984).

conditions of community supervision.[3]   The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling.[4]   If the State fails to meet its burden of proof, the trial court abuses its discretion by revoking the community supervision.[5]

The State sustains its burden of proof in a community supervision revocation if it proves the allegations in its motion to revoke by a preponderance of the evidence.[6]   Both Appellant and the defense witness who was also present at the house denied that Appellant personally possessed the contraband in question.  The State points out, however, that Appellant admitted in his brief that (1) he was present when the search was conducted; (2) the baggie of marihuana was in plain view; (3) he was "about 6 inches" from the marihuana; (4) there was an odor of marihuana; and (5) other contraband or drug paraphernalia was present.  Considering the record as a whole, we hold that there was evidence from which the trial court could determine by a preponderance of the evidence that Appellant had violated the terms and conditions of his community supervision by committing a new offense, that is, possessing the baggie of

---

[3]*Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).

[4]*Cardona*, 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981).

[5]*Cardona*, 665 S.W.2d at 493–94.

[6]*Clay v. State*, 361 S.W.3d 762, 765 (Tex. App.—Fort Worth 2012, no pet.).

marihuana that was found near his person. Accordingly, we hold that the trial court did not abuse its discretion by granting the State's motion to revoke.

We overrule Appellant's sole issue and affirm the trial court's judgment.


LEE ANN DAUPHINOT
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 17, 2013

4