ACCEPTED
12-15-00152-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
8/19/2015 2:05:57 PM
CATHY LUSK
CLERK

CASE NO. 12-15-00152-CR

IN THE

TEXAS COURT OF APPEALS

TWELFTH SUPREME JUDICIAL DISTRICT

TYLER, TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
8/19/2015 2:05:57 PM
CATHY S. LUSK
Clerk

On Appeal from Cause No. 15-0311

County Court at Law No. Two (2)

Angelina County, Texas

Barbara Brookshire Samford, Appellant

VS.

THE STATE OF TEXAS

BRIEF FOR THE APPELLANT, BARBARA BROOKSHIRE SAMFORD

Albert J. Charanza, Jr.
CHARANZA LAW OFFICE, P.C.
P. O. Box 1825
Lufkin, Texas  75902
936/634-8568
936/634-0306 (facsimile)
SBN: 00783820

ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS

Identity of All Parties..................................................................................2

Index of Authorities.............................................................................. 3

Statement of the Case........................................................................... 4

Issues Presented................................................................................ 5

Statement of Facts.............................................................................5

Summary of Argument........................................................................10

Appellant's Point of Error No. 1...................................................... 11

The evidence was insufficient to prove that Samford violated her community supervision.

Appellant's Point of Error No. 2...................................................... 17

The trial court erred in finding Samford guilty and revoking her supervision.

Prayer .............................................................................................19

Certificate of Service..........................................................................20

Certificate of Compliance.....................................................................20

## IDENTITY OF ALL PARTIES

Pursuant to Tex.R.App.P. 55.2(a), the following is a list of parties to the trial court's judgment and the names and addresses of trial and appellate counsel.

1.  Barbara Samford
    P.O. Box 3082
    Lufkin, Texas 75903

2.  Albert J. Charanza, Jr., Counsel for Appellant at trial and appeal
    P.O. Box 1825
    Lufkin, Texas 75902
    (936) 634-8568

3.  Ed Jones, Counsel for The State of Texas at trial and on appeal
    Assistant District Attorney
    101 West Mill Street
    Livingston, Texas 77351

4.  The Honorable Derek Flournoy
    County Court at Law No. Two
    P.O Box 908
    Lufkin, Texas 75902

# INDEX OF AUTHORITIES

**CASES:**                                                                                    **PAGE**

*Hacker v. State*, 389 S.W.3d 860, 864-66 (Tex. Crim. App. 2013)............. 11, 14, 17

*Garcia v. State, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012)* ................................. 12

*McDonald v. State*, 608 S.W.2d 192, 200 (Tex.Crim.App. 1980) .......................... 17

*Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984) ............................ 17

*Rickels v. State*, 202 S.W.3d 759, 763 (Tex.Crim.App. 2006) ............................... 17

*Cantu v. State*, 842 S.W.2d 667 (Tex.Crim.App. 1992)............................................ 18


**RULES:**

Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2014) ..................... 13

Tex. Code Crim. Proc. Ann. art. 42.12, § 21 (Vernon Supp. 2014) ....................... 13


**CONSTITUTIONAL RPVISIONS:**

Tex. Const. art. I, § 27 ...................................................................................... 18

Tex. Const. art. I, § 8 ....................................................................................... 19

## STATEMENT OF THE CASE

Barbara Samford appeals her adjudication of guilt on May 6, 2015. On February 17, 2015, Barbara Brookshire Samford (Samford) was charged with Harassment by the County Attorney of Angelina County. (CR 10-11) On the same day, Samford, pro se, pled guilty to Harassment and received one year deferred adjudication community supervision. (CR-10-14) On March 3, 2015, the State of Texas filed a Motion to Proceed with Adjudication of Guilt alleging that Samford violated her community supervision terms by having contact with board member, Charlotte Temple, on March 2, 2015 and March 3, 2015. (CR 26) On March 3, 2015, the State filed a Motion to Proceed with Adjudication of Guilt alleging that Samford violated her community supervision terms by having contact with board member, Charlotte Temple, on March 2-3, 2015. (CR 26-27) On April 10, 2015, the State of Texas filed its First Amended Motion to Proceed with Adjudication of Guilt alleging that Samford violated her community supervision terms by having contact with board members Tom Darmstadter and Jack Sweeney on March 24, 2015. (CR 35-37) On May 6, 2015, a revocation hearing was held, the court found allegations #3 and 4 true that Samford of violated her community supervision and adjudicated Samford guilty. Her supervision was extended another twenty-four (24) months with additional conditions of supervision ordered. (CR 39)

4

On May 19, 2015, Samford appealed the May 6, 2015 decision of the court that she violated her supervision conditions and adjudicating her guilty.

## ISSUES PRESENTED

Appellant's Point of Error One – The evidence was insufficient to prove that Samford violated her community supervision.

Appellant's Point of Error Two – The trial court erred and abused discretion in finding Samford in violation of her community supervision and adjudicating her guilty

## STATEMENT OF FACTS

Barbara Samford appeals her adjudication of guilt on May 6, 2015. On February 17, 2015, a complaint was filed against Barbara Samford for Harassment. On the same day, she pled guilty and received one year deferred adjudication community supervision. (CR-10-14) On March 3, 2015, the State filed its Motion to Proceed with an Adjudication of Guilt alleging two violations #1 and #2 that Samford had violated her community supervision (term "p") by having contact with board member, Charlotte Temple, on March 2, 2015 and March 3, 2015. (CR 26-27) The court signed an order commanding Samford's arrest the same day. (CR 28) Samford was subsequently arrested, went before the court on March 19, 2015 and appointed counsel. (CR 30) On April 10, 2015, the State filed its First Amended Motion to Proceed with an Adjudication of Guilt and added allegations #3 and #4 that Samford had violated her community supervision (term "p") by having contact

5

with board members Tom Darmstadter on March 24, 2015 and Jack Sweeney on March 24, 2015. (CR 35-37) On May 6, 2015 a revocation hearing was held. (Vol. 1) Samford pled not true to the violations. (Vol. 1, p. 6) The State abandoned allegations 1 and 2 related to contacting Charlotte Temple. (Vol. 1, p. 6-7)

The State called Scott Skelton, an attorney for the T.L.L. Temple Foundation, who represented some employees and the board of directors. (Vol. 1 p. 7-8) The Temple Foundation is a charitable foundation. Skelton filed a civil lawsuit seeking a restraining order and injunction in the Angelina County District Court against Barbara Samford. In 2014, Skelton wrote a letter in the civil case to Samford asking her to direct all communication to him as the T.L.L. Temple Foundation attorney. (Vol 1, p. 8-9) Skelton did not inform Samford of the names of the board members. Samford had requested documents of the Temple Foundation pursuant to IRS regulations consisting of tax forms which are required to be filed and available for disclosure. (Vol. 1, p. 9, 10-11) According to Skelton, IRS Form 990 contained the names of all the directors and board members of the Temple Foundation. (Vol. 1, p. 9) The first hearing in the civil injunction case was on March 27, 2015 before District Judge Paul White. The second hearing in the civil injunction case was on April 2, 2015 before Judge Robert Inselmann. (Vol. 1, p. 8, 11) Samford represented herself pro se in the civil matter. During the April 2, 2015 hearing,

6

Samford was called as a witness by Skelton. (Vol. 1, p. 11-12) The only evidence presented at the civil hearing was Samford's testimony and documentary evidence.

In the IRS documents provided to Samford by Skleton, the persons associated with the T.L.L. Temple Foundation are listed as trustees. (CR 96-97, Defendant's Exhibit 1) Skelton characterized these persons as board members in his injunction hearing. (Vol. 1, p. 13) During the civil injunction hearing on April 2, 2015, when asked if Samford went to see Darmstadter and if she understood that Mr. Darmstadter was on the T.L.L. Temple Foundation, Samford responded: "There's no list of his name anywhere on here. Where was I supposed to know the board members' names?" (Vol. 1, p 14-15, State's Exhibit 1, p. 6) From the tax records provided, Samford testified that she understood that Darmstadter was only a trustee. (Vol. 1, p. 15)

Jack Sweeney testified that he is on the board of trustees for the T.L.L. Temple Foundation. On March 24, 2015, Samford went to the home of Sweeney and spoke to Sweeney. Samford asked Sweeney if he was aware of IRS issues at the foundation. Sweeney told Samford that he was not interested in talking to her and she left. (Vol. 1, p. 17-18) Sweeney had previously seen some of the e-mails that Samford had sent to the Temple Foundation and the concerns raised in Samford's e-mails related to "everything from to salaries to what grants the

foundation were given, been given or giving out." (Vol. 1, p. 19)

Glenda Barnes, an employee of Thomas Darmstadter, testified that on March 24, 2015, Samford came to the office looking for Darmstadter. Darmstadter was not in the office. Samford never saw nor made personal contact with Darmstadter. Samford then asked Glenda Barnes to see Jack Sweeney. Jack Sweeney was not in the office. (Vol. 1, p. 20-21)

The State asked the court to take judicial notice of the judgment entered by Judge Joe Register, County Court at Law No. 1 on February 17, 2015 placing Samford on supervision for one year for harassment, a Class B misdemeanor. Judge Derek Flournoy, County Court at Law No. 2 proceeded over the revocation hearing based on a verbal agreement between the two county courts of law in Angelina County to transfer cases. (Vol. 1, p. 29-30) Krystal Garcia, a supervision officer with Angelina County Adult Probation, testified that she was in court of the date of Samford's plea and acted as the court liaison officer. Ms. Garcia went over the terms of probation with Samford the same date as her plea. (Vol. 1, p. 26-27)

The State offered the transcript of the hearing before Judge Paul White on (State Exhibit 1) and the transcript of the hearing before Judge Robert Immelmann (State Exhibit 2). The court admitted the two exhibits over the objections as to relevance by the defendant. (Vol. 1, p. 31-32) In her defense, the court admitted

8

without objection the Defense Exhibit 1, two pages of the 2012 IRS Form 990-PF of the T.L.L. Temple Foundation. (Vol. 1, p. 10)

In rebuttal to the defense exhibit, the State called Laura Squires, the deputy executive director of the T.L.L. Temple Foundation. (Vol. 1, p.40) Squires testified that the term board members, directors and trustees were interchangeable and all performed the same function. (Vol. 1, pp. 41-42) During cross-examination, Squires testified she was unaware of any document to list the board members of the T.L.L. Temple Foundation or document listing the current board members since the beginning of the year. When asked for a publically available document to list the board members Squires referred to the annual IRS From 990-PF. (Vol. 1, p. 44)

The court Samford found Samford in violation of her community supervision by having contact with Darmstadter and Sweeney. (Vol. 1, p. 51) The court adjudicated Samford guilty of Harassment, sentenced her to 180 days in the Angelina County Jail, assessed a fine of $250.00, $248.00 in court costs and probated the jail sentence for two years (24 months). (Vol. 1, p. 79) The conditions of supervision included: statutory conditions of supervision, 100 hours of community service, prohibition from going within 1000 feet of the T.L.L. Temple Foundation, wearing of a GPS device to monitor compliance with terms (u) and (v), the continuation for psychological treatment for defendant's mental illness

and diagnosis, to take all prescribed medications as directed for her mental illness or diagnosis and to have no contact with nineteen persons associated with the T.L.L. Temple Foundation. (CR 39-43, Vol. 1, pp. 79-82)

## SUMMARY OF THE ARGUMENT

The trial court abused its discretion by finding Samford in violation of her community supervision. The State provided no evidence that Samford had contact with Laura Squires, Buddy Zeagler or any board member of the T.L.L. Temple Foundation. (CR 13) The State's Motion to Proceed with Adjudication of Guilt alleged contact with having contact with Tom Darmstadter and Jack Sweeney on March 24, 2015. Darmstadter and Sweeney were not listed as prohibited persons in Samford's conditions of supervision condition "p". "Board members" was not defined in her terms of supervision and there is no evidence that Samford had personal knowledge of the "board members" of the T.L.L. Foundation prior to or on February 17, 2015. The T.L.L. Temple Foundation IRS public records received by Samford from Scott Skelton only had trustees listed which included Darmstadter or Sweeney. It cannot be assumed that Samford would have knowledge that Darmstadter or Sweeney were board members since they were publically listed as trustees. Laura Squires, the deputy executive director of the T.L.L. Temple Foundation testified that she was unaware of any document publically listing the board members of the T.L.L. Temple

10

Foundation since the beginning of the year. Samford had no specific knowledge of the T.L.L. Temple Foundation board members. Samford's supervision should not have been adjudicated based on no evidence to support the specific terms of her supervision. Samford has been prejudiced by having a conviction on her record for harassment.

There is no evidence that Samford came into contact with Thomas Darmstadter Jack Sweeney was not listed in her supervision judgment. Samford's conditions of supervision only prohibited her from having contact with Laura Squires, Buddy Zeagler and any board member if T.L.L. Foundation. The trial court erred by finding allegations 3 and 4 true. These errors ultimately resulted in the court abusing its discretion in finding Samford guilty and revoking her supervision. There was no evidence to show that Samford had contact with a board member after February 17, 2015. Since the State failed to prove the violations by a preponderance of the evidence, the trial court erred in adjudicating her guilt.

The court also abused its discretion by ordering terms of community supervision that were not reasonably applicable to Samford.

### APPELLANT'S POINT OF ERROR NUMBER ONE

**The evidence was insufficient to prove that
Samford violated her community supervision**

**Standard of Review for Revocation of Community Supervision**

In *Hacker v. State*, 389 S.W.3d 860, 864-66 (Tex. Crim. App. 2013), the

11

Texas Court of Criminal Appeals set the standard of review for appellate courts in the context of probation cases:

> To revoke probation (whether it be regular probation or deferred adjudication), the State need prove the violation of a condition of probation only by a preponderance of the evidence. In the probation-revocation context, "a preponderance of the evidence" means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." Id. Although a much lower standard than "beyond a reasonable doubt," the preponderance of the evidence standard is a much higher standard than the search-and-seizure standards of "probable cause" and "reasonable suspicion." Id.
>
> For probation-revocation cases, we have described the appellate standard of review as whether the trial court abused its discretion. In addition, we have explained that the trial judge is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. In civil cases that are governed by the preponderance-of-the-evidence burden of proof, the legal-sufficiency standard has been described as a review for whether there is "more than a scintilla" of evidence. Evidence does not meet this standard when "the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence" or when the finder of fact must "guess whether a vital fact exists." Furthermore, the Texas Supreme Court has explained, "some suspicion linked to other suspicion produces only more suspicion, which is not the same as some evidence."

Proof by a preponderance of the evidence of any one of the alleged violations of the conditions of community supervision is sufficient to support a revocation order.

*Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012).

On violation of a condition of community supervision imposed under an order of deferred adjudication, the defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge.

12

*TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b)* (Vernon Supp. 2014). This determination is reviewable in the same manner as a community supervision revocation hearing conducted under *TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21* (Vernon Supp. 2014).

**FACTS, LAW AND ARGUMENT**

**Violation #3 and #4 – Samford had no knowledge of the names of the board members**

Samford's no contact conditions of supervision under condition "p" specified only as to two persons: Laura Squires and Buddy Zeagler. The term "board members" was not defined. No evidence was presented that Samford specifically knew or was told by anyone on February 17, 2015 the names of the "board members". Before Samford can be found in violation of her supervision term "p", there must be evidence that she had knowledge that her conduct would be a violation of her supervision. There is no evidence that Samford knew Darmstadter or Sweeney were board members of the Temple Foundation. Samford was only given an IRS document with a list of trustees for the Temple Foundation. Trustees cannot be assumed to be board members.

The County Attorney assumed and implied in questioning that Darmstadter and Sweeney, as board members, were also trustees to whom Samford should have known to not contact. The State later argued that the term "and any board member

13

of the T.L.L. Temple Foundation" would have included the trustees listed in the IRS Form 990-PF. ( Vol. 1 p. 45) The problem with this case is the State did not provide any evidence that Samford had specific knowledge of the names of the board members. The State relied on the 2012 Form 990-PF provided to Samford by Skelton to provide knowledge. However, the IRS Form 990-PF list only *trustees* and not board members. The court erred in assuming that Samford had the same understanding of the State's witnesses. It is clear that Samford did not see the trustees, Darmstadter and Sweeney, as board members. Samford's testimony in the second civil trial hearing: "There's no list of his name anywhere on here. Where was I supposed to know the board members' names?" shows her lack of knowledge of the board members of the Temple Foundation. (Vol. 1, p 14-15, State's Exhibit 1, p. 6)

One practical way in which a legal-sufficiency review varies depending upon the burden of proof in the underlying case is the treatment of extrajudicial confessions. *Hacker v. State*, 389 S.W.3d 860, 865-866 (Tex. Crim. App. 2013) When the burden of proof is "beyond a reasonable doubt," a defendant's extrajudicial confession does not constitute legally sufficient evidence of guilt absent independent evidence of the *corpus delicti. Id.* The *corpus delicti* doctrine requires that evidence independent of a defendant's extrajudicial confession show

14

that the "essential nature" of the charged crime was committed by someone. *Id.* By contrast, in the probation-revocation context, controlled by the lesser, "preponderance of the evidence" burden of proof, an uncorroborated extrajudicial confession may be sufficient to support revocation. *Id.*

As the *Hacker* court questioned: "But what happens when a defendant makes an extrajudicial statement that does not admit to conduct that violates probation but from which one might possibly infer that such conduct took place? In a concurring opinion, former Presiding Judge Onion suggested that, when the defendant's extrajudicial statement does not admit to all of the allegations necessary to sustain the State's motion to revoke, some sort of corroboration is required. How should the evidence be reviewed when the probationer does not confess to conduct that is a violation of probation is one of the questions implicated in the present case.

Since Samford did not admit to engaging in conduct that violated the "no contact" condition, the court must address whether such conduct can be inferred by the finder of fact from the evidence was in fact a violation of supervision. *Hacker* at 868. But Samford's testimony is based upon the State's unstated assumption that there is evidence of Samford's knowledge of the names of the board members to support or "glue" to a violation of supervision by contacting Darmstadter and Sweeney.

15

As the *Hacker* court stated, "Appellant's state of mind is unimportant if the existence of the prohibited conduct has not been established, just as a murder defendant's state of mind is unimportant if there is no evidence that the alleged victim is dead." In this case, the analogy is similar. If the State wanted to prohibit contact with the "board members" of the Temple Foundation, then the State should have specified all the names of the "board members" to whom the prohibited conduct applied in supervision term "p" on February 17, 2015. Samford was only aware that her conduct prohibited her from contacting Laura Squires, Buddy Zeagler and the board members of the Temple Foundation. Thomas Darmstadter and Jack Sweeney were only listed as trustees of the Temple Foundation based on the publically filed IRS Form 990-PF which Samford had been provided. Possible knowledge of a trustee by Samford cannot be assumed as knowledge of a board member even though others may do so.

The appellate court is in the same position as the *Hacker* court determining whether the evidence shows that Samford violated a "no contact" condition of probation. Samford's receipt of an IRS Form 990-PF with a list of trustees was not an admission that she later engaged in conduct that violated her probation.

For probation-revocation cases, the appellate standard of review as whether the trial court abused its discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013) Evidence does not meet this standard when "the evidence offered to prove a vital

16

fact is so weak as to do no more than create a mere surmise or suspicion of its existence" or when the finder of fact must "guess whether a vital fact exists." Id. Furthermore, the Texas Supreme Court has explained, "some suspicion linked to other suspicion produces only more suspicion, which is not the same as some evidence." Id. In this case, it is clear that the court abused its discretion to find Samford in violation of her supervision terms based on insufficient evidence that she knew the names of the unnamed "board members"

## APPELLANT'S POINT OF ERROR NUMBER TWO

### The trial court erred and abused discretion in finding Samford in violation of her community supervision and adjudicating her guilty

### Standard of Review

Evidence supporting a finding the defendant violated even one condition of community supervision is ground for revocation. *McDonald v. State*, 608 S.W.2d 192, 200 (Tex.Crim.App. 1980). The appellate court reviews the evidence in the light most favorable to the trial court's ruling. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984). The court should reverse an order of revocation only if the trial court abused its discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex.Crim.App. 2006) A trial court abuses its discretion when its "decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Cantu v. State*, 842 S.W.2d 667 (Tex.Crim.App. 1992)

17

**Violation #3 –Contact with Darmstadter**

The State introduced no evidence that could demonstrate prohibited contact with Tom Darmstadter. Glenda Barnes, an employee of Thomas Darmstadter, testified that on March 24, 2015, Samford came to the office looking for Darmstadter. Darmstadter was not in the office. Samford never saw nor made personal contact with Darmstadter. (Vol. 1, p. 20-21) The court clearly erred in finding Samford in finding violation #3 as true.

**Violation #4 –Contact with Sweeney**

Although Samford went to the home of Sweeney on March 24, 2015 and spoke to Sweeney. Samford only asked Sweeney if he was aware of IRS issues at the foundation. Sweeney told Samford that he was not interested in talking to her and she left. (Vol. 1, p. 17-18) There was nothing in her contact with Sweeney that would be considered harassment or a violation of the law. Article I, Sec. 27 of the Texas Constitution states, "The citizens shall have the right, in a peaceable manner, to assemble together for their common good; and apply to those invested with the powers of government for redress of grievances or other purposes, by petition, address or remonstrance." Samford was within her constitutional right to approach and speak to Sweeney. Additionally, Article I, Sec. 8 of the Texas Constitution provides "Every person shall be at liberty to speak, write or publish his

18

opinions on any subject, being responsible for the abuse of that privilege; and no law shall ever be passed curtailing the liberty of speech or of the press. In prosecutions for the publication of papers, investigating the conduct of officers, or men in public capacity, or when the matter published is proper for public information, the truth thereof may be given in evidence. "The court erred to find this contact with Sweeney as a violation of supervision since Samford's conduct was protected by the Texas Constitution.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Appellant, respectfully prays that this Honorable Court of Appeals grant all relief sought, reverse her conviction and return her to community supervision under the original terms of supervision.

Respectfully submitted,

Albert J. Charanza Jr.
Charanza Law Office, P.C.
P.O. Box 1825
Lufkin, Texas 75902
936/634-8568
936/634-0306 (fax)
State Bar No. 00783820
ATTORNEY FOR THE APPELLANT

19

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a true and correct copy of the foregoing Brief for The Appellant was served upon State's attorney, Ed Jones, County Attorney, Angelina County, 215 E. Lufkin, Lufkin, TX 75902 on August 19, 2015.

Albert J. Charanza Jr.

## CERTIFICATE OF COMPLIANCE

I certify that this document contains 3,408 words, counting all parts of the document except those excludes by Tex. R. App. P. 9.4(i)(l). The body text is in 14 point font.

Albert J. Charanza Jr.