

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-16-00317-CR

---

ROMEL LAMARR HENDERSON          APPELLANT

V.

THE STATE OF TEXAS          STATE

----------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1435360W

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Pursuant to a plea bargain, Appellant Romel Lamarr Henderson pleaded guilty to obstruction or retaliation. *See* Tex. Penal Code Ann. § 36.06 (West 2016). In accordance with the terms of the plea bargain, the trial court sentenced Henderson to three years of deferred adjudication community supervision. The

---

[1]*See* Tex. R. App. P. 47.4.

State subsequently filed a petition to proceed to adjudication, alleging that Henderson had violated one condition of his community supervision by committing a new offense—intentionally or knowingly causing bodily injury to a public servant by biting an officer of the Fort Worth Police Department. *See id.* § 22.01(b)(1) (West Supp. 2016). Henderson pleaded not true to the allegation, and the trial court, after conducting an adjudication hearing, found that the allegation was true and sentenced Henderson to ten years' confinement. In a single issue, Henderson argues that the evidence is insufficient to establish that he caused bodily injury. We will affirm.

## II. BACKGROUND OF THE NEW OFFENSE

Officer Daniel St. Clair responded to a call regarding a general disturbance at the Como First Missionary Church on March 2, 2016, at approximately 9:15 p.m. When Officer St. Clair arrived, two men from the church informed him that someone—who was later identified as Henderson—was breaking into one of the church's buildings located toward the back of the property. At the back door of the building, Officer St. Clair found Henderson holding a phone-flashlight and trying to pry open the door. When Officer St. Clair and another officer with him were in very close proximity to Henderson, they drew their weapons, shined their flashlights at Henderson, ordered him to stop, and identified themselves as Fort Worth police. Henderson turned around and started yelling, "[S]hoot me, shoot me, shoot me." The officer with Officer St. Clair told Henderson to calm down, and Officer St. Clair called for additional officers. When the other officers arrived,

2

they handcuffed Henderson, and he seemed to calm down until they walked him to the vicinity of the patrol car. At that point, Henderson became agitated and started shouting expletives. Officers searched Henderson before they placed him in the patrol car. Once he was in the patrol car, Henderson kicked the inside of the car, causing damage and necessitating the use of leg restraints. Based on how agitated Henderson was, Officer St. Clair decided to call for an ambulance to transport Henderson. While the officers awaited the ambulance, an officer put a "spit sock" on Henderson because he was spitting at the officers. Henderson continued to spit at the officers through the spit sock, so they put a second spit sock on him.

After the ambulance arrived, the paramedics gave Henderson a sedative. Before the sedative took effect, the paramedics attempted to restrain Henderson on the stretcher, and Officer St. Clair put his arm across Henderson, who bit Officer St. Clair's right arm and his glove. Officer St. Clair testified that "when he bit through the arm here[,] it caused pain to my right arm." Officer St. Clair explained that Henderson was able to bite him through the spit socks. The saliva from the bite left a crescent-shaped mark on Officer St. Clair's uniform. Officer St. Clair testified that he wiped down the area on his arm with antiseptic that night and that he received medical attention.

The State admitted photographs of Officer St. Clair's arm and played a video that was taken by one of the officer's body cameras. Because it is difficult

3

to see what is taking place in the video due to the lack of lighting, Officer St. Clair narrated as the video was played:

> As I reach across him and my legs come out, you see me kind of jump, where it kind of looks like I jerk there. That's when he bit into there[,] and I jerked my arm back. And that's when he -- and then you see saliva right there. That's where he bit me[,] and another officer said, did he get you? I said, no -- I made a comment, no, he -- the cloth he didn't get through. He had a spit sock and he had my shirt. He didn't take off a piece. He's -- my shirt was stopping him from getting through the shirt.

Henderson's probation officer testified that committing a new offense was a violation of the terms of Henderson's community supervision.

After hearing the testimony and reviewing the evidence, the trial court found the allegation in the State's petition to proceed to adjudication to be true, found Henderson guilty, and sentenced him to ten years' confinement. Henderson then perfected this appeal.

### III. EVIDENCE OF BODILY INJURY

In his sole issue, Henderson argues that the evidence is legally insufficient to sustain a finding of true to the allegation of commission of a new offense—assault of a public servant—because there was no evidence that Officer St. Clair suffered any bodily injury.

### A. Standard of Review

A trial court's determination on a motion to adjudicate is reviewable in the same manner as the determination on a motion to revoke community supervision. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West, Westlaw

4

through 2017 1st C. Sess.). We review an order revoking community supervision under an abuse-of- discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Cardona*, 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking the community supervision. *Cardona*, 665 S.W.2d at 493–94.

## B. Sufficient Evidence Supports Finding that Henderson Caused Bodily Injury

The State alleged in its petition to proceed to adjudication that Henderson had committed the new offense of intentionally or knowingly causing bodily injury to a public servant by biting an officer of the Fort Worth Police Department. A person commits assault on a public servant if the person intentionally, knowingly, or recklessly causes bodily injury to a person the actor knows is a public servant while the public servant is lawfully discharging an official duty. Tex. Penal Code Ann. § 22.01(a)(1), (b)(1). "Bodily injury" is defined as "physical pain, illness, or any impairment of physical condition." *Id.* § 1.07(a)(8) (West Supp. 2016). Any

5

physical pain, however minor, will suffice to establish bodily injury. *See Garcia v. State*, 367 S.W.3d 683, 688 (Tex. Crim. App. 2012) (citing *Laster v. State*, 275 S.W.3d 512, 524 (Tex. Crim. App. 2009)).

Here, Henderson challenges only the evidence to support the bodily injury element of the offense of assault on a public servant. Officer St. Clair testified that Henderson bit his arm and that the bite caused him pain. Officer St. Clair further testified that the bite left a crescent-shaped mark on his uniform and that he received medical attention for the bite. Viewing the evidence in the light most favorable to the trial court's ruling, and deferring to the trial court on questions of the credibility of witnesses and the weight to be given their testimony, we hold that the trial court did not abuse its discretion by finding that the State proved by a preponderance of the evidence that Henderson intentionally or knowingly caused bodily injury to a public servant, which constituted the commission of a new offense and a violation of the conditions of Henderson's community supervision. *See* Tex. Penal Code Ann. § 22.01(b)(1); *Laster*, 275 S.W.3d at 523–24 (holding evidence sufficient to support bodily injury because victim testified that she felt pain when appellant grabbed her around the waist and pulled her); *Clark v. State*, 461 S.W.3d 244, 249 (Tex. App.—Eastland 2015, pet. ref'd) (holding evidence sufficient to support bodily injury element of assault on a public servant by intentionally or knowingly biting officer's finger because officer testified that bite was painful). Accordingly, we overrule Henderson's sole issue.

## IV. Conclusion

Having overruled Henderson's sole issue, we affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  WALKER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  November 2, 2017