

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00269-CR

**KENDRICK DE ANDRE HOWARD,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 12th District Court
### Walker County, Texas
### Trial Court No. 27,802

## MEMORANDUM OPINION

Kendrick Howard entered a plea of guilty to the offense of fraudulent use or possession of identifying information. TEX. PENAL CODE ANN. § 32.51 (West 2016). The trial court deferred an adjudication of guilt and placed Howard on community supervision for two years. On March 16, 2017, the State filed a motion to revoke community supervision and adjudicate alleging Howard violated several of the terms and conditions of his community supervision. The trial court found that Howard violated Conditions 1 and 18 of his community supervision, adjudicated Howard guilty

of the offense of fraudulent use or possession of identifying information, and assessed punishment at two years confinement in a state jail facility. We affirm.

In two issues on appeal, Howard argues that the trial court abused its discretion in finding that there was sufficient evidence to support a finding of true to the allegation he violated the terms and conditions of his community supervision. The Court of Criminal Appeals has held that the State must prove a violation of community supervision by a preponderance of the evidence and that proof of any one of the alleged violations is sufficient to uphold the trial court's decision to revoke community supervision. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984) (burden of proof is by preponderance of the evidence); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980) ("one sufficient ground for revocation will support the court's order to revoke probation"). We review a trial court's decision to revoke community supervision under an abuse of discretion standard. *Cardona v. State*, 665 S.W.2d at 493.

In the second issue, Howard argues that the trial court abused its discretion in finding that the evidence was sufficient to sustain a finding of true that he violated Condition 18 of his community supervision. Condition 18 required Howard to perform 80 hours of community supervision at an organization or agency approved by the court and designated by the supervision officer.

Howard's supervision officer testified at the hearing that Howard only completed 1.5 hours of community supervision. The supervision officer testified that Howard

reported performing 55 hours of community supervision, but those hours were not verified by the community service coordinator. The coordinator called the superintendent where Howard claimed to have performed the hours, and the superintendent did not have Howard's name in the community supervision book and informed the coordinator that the signature on the card reporting the hours did not appear to be his signature. Howard testified at the hearing that he did not lie when reporting his community supervision hours and that there was confusion concerning his hours. Howard did not testify, however, that he performed the 80 hours of community service as required by his community supervision. The trial court is the sole judge of the credibility of the witnesses and the weight given to their testimony at a hearing to revoke community supervision and the evidence is reviewed in the light most favorable to the trial court's ruling. *Cardona v. State*, 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). We find that the trial court did not abuse its discretion in revoking Howard's community supervision. We overrule the second issue on appeal. Because proof of any one of the alleged violations is sufficient to uphold the trial court's decision to revoke community supervision, we need not address Howard's first issue. TEX. R. APP. P. 47.1.

We affirm the trial court's judgment.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Senior Justice Scoggins[1]
Affirmed
Opinion delivered and filed February 13, 2019
Do not publish
[CR25]



[1] The Honorable Al Scoggins, Senior Justice of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003 (West 2013).