

| | | |
|---|---|---|
| JOSE DEMETRIO PINEDA, | § | No. 08-21-00144-CR |
| Appellant, | § | Appeal from the |
| v. | § | 109th District Court |
| THE STATE OF TEXAS, | § | Of Winkler, Texas |
| Appellee. | § | (TC# DC17-5684) |

## <u>O P I N I O N</u>

Appellant, Jose Demetrio Pineda, pled guilty to indecency with a child by contact and was placed on deferred probation. TEX.PENAL CODE ANN. § 21.11(a)(1). In a single issue, Appellant claims the trial court abused its discretion by revoking his community supervision and adjudicating his guilt.[1] We affirm.

### BACKGROUND

Appellant was charged with indecency of a child by sexual contact. TEX.PENAL CODE ANN. § 21.11(a)(1). After Appellant pled guilty, the trial court placed him on ten years deferred adjudication community supervision. Approximately two years later, the State filed a motion to adjudicate Appellant guilty and revoke his community supervision due to an alleged single violation of his probation terms; namely, commitment of an offense against the laws of the State—

---

[1] Appellant challenges his conviction in three separate appeals—08-21-00142-CR, 08-21-00143-CR, 08-21-00144-CR. We address each appeal separately. This particular appeal solely addresses appellate cause number 08-21-00144-CR.

indecent assault, a class A misdemeanor. The trial court held an adjudication hearing and found the State's single alleged violation to be true. The trial court revoked Appellant's deferred adjudication community supervision, adjudicated him guilty and assessed punishment at twenty years confinement in the Institutional Division of the Texas Department of Criminal Justice. This appeal followed.

## DISCUSSION

In his sole issue on appeal, Appellant asserts the trial court abused its discretion by revoking his community supervision and adjudicating his guilt.

### *Standard of Review & Applicable Law*

Appellate review of an order revoking probation is limited to abuse of the trial court's discretion. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984). In probation revocation cases, the State must prove by a preponderance of the evidence that a condition of supervision was violated. *Id*. This burden is satisfied when the greater weight of the credible evidence creates a reasonable belief that a condition of community supervision has been violated. *Rickels v. State*, 202 S.W.3d 759, 763-64 (Tex.Crim.App. 2006). In reviewing a revocation order, we view the evidence in a light most favorable to the verdict, giving deference to the trial court's credibility determinations and to the findings of the violations as true or not. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex.Crim.App. 1981). Appellant must successfully challenge each violation and present facts to show reasonable grounds exist to overturn the trial court's findings of true that led to his adjudication. *Smith v. State*, 286 S.W.3d 333, 342 (Tex.Crim.App. 2009).

### *Analysis*

Appellant was charged with a new state offense—indecent assault. The complaining witness, Joel Loya, alleged Appellant touched his genitals without his consent. The State

subsequently filed a motion to adjudicate Appellant's guilt and revoke his community supervision. The State's motion alleged Appellant violated the conditions of his community supervision in the following manner:

**Violation #1.** Defendant committed an offense against the laws of this State. Defendant was charged with Indecent Assault which is a Class A Misdemeanor. This is a violation of condition No. a of the order granting community supervision which states:

**Condition No.a.** Commit no offense against the laws of this State, any other State, or the United States.

Indecent assault is committed when:

**(a)** A person commits an offense if, without the other person's consent and with the intent to arouse or gratify the sexual desire of any person, the person:

**(1)** touches the anus, breast, or any part of the genitals of another person;

.     .     .

**(b)** An offense under this section is a Class A misdemeanor.

TEX.PENAL CODE ANN. § 22.012(a)(1), (b). Thus, the State had to prove, by a preponderance of the evidence, that Appellant, with the intent to arouse or gratify Appellant's sexual desire, and without the consent of Loya, touched Loya's anus, breast or genitals. *See id*. On appeal, Appellant contends the evidence was insufficient to prove he committed indecent assault; specifically, the evidence was insufficient to prove Loya did *not* consent to Appellant touching his genitals.

At the hearing for the motion to adjudicate, Loya testified in detail. Loya stated he was hired by Appellant to do yard work at Appellant's home. When Loya arrived at Appellant's home, Appellant asked Loya for a hug. During the hug, Appellant kissed Loya on the cheek and patted his left buttocks. Appellant kept saying how excited he was and Loya, uncomfortable with the situation, "watch[ed] his back" and got to work. Later, Appellant and Loya entered Appellant's

truck to take discarded cacti to the local dump. While in the truck, Loya testified Appellant offered him an additional $80.00 if Loya allowed Appellant to "get [his] feel on." Loya described, at that moment, Appellant reached over and grabbed and wiggled Loya's genitals. Loya stated he did not consent to this touching.

Captain Antonio Garcia of the Kermit Police Department also testified at the motion to adjudicate hearing. Captain Garcia stated he learned of the indecent assault allegation and met with Appellant's community supervision officer, Elvia Hernandez. Captain Garcia and Hernandez agreed to have a polygraph test conducted with Appellant to determine if the allegations were true. A polygraph was scheduled; however, at the outset of the polygraph, Appellant admitted to touching Loya without Loya's consent.

Hernandez testified she personally spoke to Appellant at the polygraph because she wanted to hear it for herself; Appellant admitted to the touching, admitted his intentions were sexual, and confessed he made a mistake. Angel Hernandez, an officer of the Criminal Investigations Division of the Texas Department of Public Safety, also testified at the hearing. Officer Hernandez interviewed Appellant and testified Appellant "did admit that he had touched him without the victim's consent, that he had patted the victim on the penis, once again, without -- without the victim's consent." Pineda did not testify during the motion to adjudicate hearing.

In reviewing a revocation order, the evidence is examined in the light most favorable to the trial court's ruling, giving deference to the trial court as the sole trier of fact, the credibility of witnesses, and the weight to be given to the evidence presented. *See Garrett*, 619 S.W.2d at 174. Loya himself testified to the assault, and three officers also testified Appellant admitted he committed the assault without Loya's consent. The credibility of the witnesses was to be judged by the court hearing the motion to revoke probation, not this Court. *See id*. at 175. Taken in the

4

light most favorable to the verdict, the greater weight of the credible evidence created a reasonable belief Appellant committed a new state offense—indecent assault—when Appellant touched Loya's genitals without his consent with the intent to arouse or gratify Appellant's own sexual desires. TEX.PENAL CODE ANN. § 22.012(a)(1).

We find the trial court did not abuse its discretion in finding, by a preponderance of the evidence, that Appellant committed indecent assault, and thus, violated the terms of his community supervision. Accordingly, it follows the trial court did not abuse its discretion in revoking Appellant's community supervision and adjudicating his guilt. Appellant's sole issue is overruled.

## CONCLUSION

For these reasons, we affirm.


June 29, 2022

YVONNE T. RODRIGUEZ, Chief Justice

Before Rodriguez, C.J., Palafox, and Alley, JJ.

(Do Not Publish)

5